## INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, Plaintiff-Appellant,

v.

## REPUBLIC AIRLINES, Defendant-Appellee.

### No. 84–1688.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 14, 1984.

Decided May 24, 1985.

John Clark, Jr., Highsaw & Mahoney, P.C., Washington, D.C., Stanley Lubin, Treon, Warnicke & Roush, Phoenix, Ariz., for plaintiff-appellant.

Kevin O'Malley, Michael K. Kennedy, Gallagher & Kennedy, Phoenix, Ariz., for defendant-appellee.

Before BARNES, Senior Circuit Judge, HUG, and SCHROEDER, Circuit Judges.

BARNES, Senior Circuit Judge.

The International Association of Machinists (IAM) appeals the dismissal with prejudice of their amended complaint seeking to compel Republic Airlines (Republic) to arbitrate a labor dispute arising under the provisions of the Railway Labor Act. The IAM also appeals the order of the district court conditioning the filing of an amended complaint on the payment of attorney's fees to Republic.

The underlying action was filed in the district court on September 12, 1979 by the Aircraft Mechanics Fraternal Association (AMFA) against Hughes Air Corporation (Airwest). The complaint alleged that Airwest violated the collective bargaining agreement[1] between the parties when it furloughed the AMFA-represented employees as a result of a strike initiated by the Airline Employees Association (ALEA) against Airwest. In its complaint for injunctive relief, the AMFA sought the immediate reinstatement of its represented employees in order to maintain the status quo and sought to prevent Airwest from engaging in any subsequent lockouts pending exhaustion of the grievance and arbitration procedures provided for in the collective bargaining agreement. Airwest, in its answer to the AMFA's complaint, sought to have the matter dismissed based upon lack of subject matter jurisdiction. Airwest claimed that the dispute was properly a matter for arbitration and not one for the courts to determine.

On the same day that the AMFA filed this action in the district court, it instituted grievance and arbitration procedures against Airwest as provided for in the collective bargaining agreement. The AMFA exhausted its grievance procedures and initiated arbitration proceedings in compliance with the collective bargaining agreement and the applicable provisions of the Railway Labor Act. However, prior to arbitration of this dispute, Airwest was acquired by Republic. The National Mediation Board approved the acquisition and determined that Republic and the IAM were successors in interest to Airwest and the AMFA, respectively. Thereafter, the IAM requested Republic to arbitrate the dispute pursuant to Section 204 of the Railway Labor Act, 45 U.S.C. § 184. However, although Airwest had already admitted the

---

[1] The arbitration provision and the underlying dispute in this action arose under a collective bargaining agreement between the AMFA and Airwest, effective September 6, 1975 to September 1, 1978. Although the strike which led to this dispute occurred after the expiration of this agreement, Airwest and the AMFA were in the process of negotiating a new agreement and had invoked the services of the National Mediation Board pursuant to the provisions of Section 203 of the Railway Labor Act, 45 U.S.C. § 183. Therefore, under Sections 6 and 201–203 of the Act, 45 U.S.C. §§ 156, 181–83, the terms and conditions of the expired agreement were still in effect and binding on the parties.

arbitrability of the dispute, Republic refused to arbitrate.

After the successor parties were substituted into this action, the IAM, on July 27, 1982, moved for leave to file an amended complaint to compel Republic to arbitrate. The district court granted leave to amend but conditioned such leave upon the condition that the IAM pay to Republic those attorney's fees and costs incurred to that point in the litigation. Thereafter, on November 23, 1983, the IAM filed a motion for summary judgment, which was opposed by Republic on the grounds that the district court had jurisdiction to decide the dispute and that the IAM, through its delay, had waived its right to arbitration.

The district court denied the IAM's motion for summary judgment and subsequently dismissed the amended complaint with prejudice and denied the relief requested. It found that the IAM had waived any right it may have had to compel arbitration. The IAM filed a timely appeal.

ISSUES

1. Whether the district court erred in dismissing with prejudice the union's amended complaint seeking an order to compel the employer to arbitrate a grievance under their collective bargaining agreement.

2. Whether the district court abused its discretion in conditioning the union's right to file an amended complaint on the payment of attorney's fees and costs to the employer.

DISCUSSION

1. *Dismissal of the Amended Complaint*

■ The district court found, and Republic argues on appeal, that the IAM waived whatever right it may have had to compel arbitration proceedings. It is clear that a party can waive its right to compel arbitration. *See California Trucking Association v. Brotherhood of Teamsters,* 679 F.2d 1275, 1281–83 (9th Cir.1981), *cert. denied,* 459 U.S. 970, 103 S.Ct. 299, 74

L.Ed.2d 281 (1982). However, waiver is not favored and the facts must be viewed in light of the federal labor policy supporting the use of arbitration. *See Shinto Shipping Co. v. Fibrex & Shipping Co., Inc.,* 572 F.2d 1328, 1330 (9th Cir.1978). Thus, in order to uphold the district court's dismissal of this action, we must find not only that the IAM's action was inconsistent with the arbitration provision, but also that Republic suffered prejudice as a result of this action. *Lake Communications, Inc. v. ICC Corp.,* 738 F.2d 1473, 1477 (9th Cir.1984). We find it unnecessary to determine whether Republic suffered prejudice because the IAM's action was not inconsistent with the arbitration provision.

■ The AMFA, on the same day that it commenced this action in the district court, initiated the grievance and arbitration procedures set forth in the collective bargaining agreement. Further, it exhausted the grievance procedure but was unable to proceed to arbitration as a result of Republic's acquisition of Airwest. Once the rights and interests of the parties were determined by the National Mediation Board, the IAM, as the successor in interest to AMFA, requested Republic to arbitrate this dispute, and that request was denied. The IAM then amended its original complaint to request the district court to compel arbitration. Thus, on the facts of this case, we do not find any waiver by the IAM as to its right to compel arbitration proceedings.

■ Under Section 204 of the Railway Labor Act, 45 U.S.C. § 184, disputes growing out of grievances or the interpretation or application of agreements between employees and an air carrier may be referred to an appropriate adjustment board when such disputes are unresolved in internal grievance procedures. The National Mediation Board has jurisdiction over minor as well as major disputes, and the law makes compulsory the establishment of adjustment boards for the arbitration of these minor disputes. *See International Association of Machinists v. Central Airlines, Inc.,* 372 U.S. 682, 686, 83 S.Ct. 956, 959

(1963). The jurisdiction of these boards is exclusive. *Andrews v. Louisville & Nashville Railroad Co.,* 406 U.S. 320, 322, 92 S.Ct. 1562, 1564, 32 L.Ed.2d 95 (1972); *see also Union Pacific Railroad Co. v. Sheehan,* 439 U.S. 89, 99 S.Ct. 399, 58 L.Ed.2d 354 (1978).

■ Minor disputes involving "grievances over the 'meaning or proper application of a particular provision' in an existing collective bargaining agreement, are to be resolved through binding arbitration before an adjustment board...." *Air Line Pilots Association v. Texas International Airlines,* 656 F.2d 16, 20 n. 6 (2d Cir.1981) (quoting *Elgin, J. & E. Ry. Co. v. Burley,* 325 U.S. 711, 723, 65 S.Ct. 1282, 1289, 86 L.Ed. 1886 (1944) ). Where a minor dispute arises and the parties are unable to resolve it through negotiations or prescribed grievance procedures, the arbitrator has primary and exclusive jurisdiction to interpret the agreement of the parties and make an appropriate award. *Local 1477 United Transportation Union v. Baker,* 482 F.2d 228, 230 (6th Cir.1973); *International Association of Machinists v. Northwest Airlines,* 304 F.2d 206, 211 (8th Cir.1962). It also must consider equitable defenses to arbitration and determine whether the party demanding arbitration has satisfied procedural requirements. *See Sheehan,* 439 U.S. at 93–96, 99 S.Ct. at 401–403 (1978).

■ Minor grievances by railroad and airline employees against their employers are to be decided finally by adjustment boards, as provided in the Railway Labor Act. *See Gunther v. San Diego & Arizona Eastern Railway Co.,* 382 U.S. 257, 263–64, 86 S.Ct. 368, 371–72, 15 L.Ed.2d 308 (1965); *Union Pacific Railroad Co. v. Price,* 360 U.S. 601, 608–10, 79 S.Ct. 1351, 1355–56, 3 L.Ed.2d 1460 (1959). The district court should have entered an order to compel arbitration proceedings. We therefore reverse the district court judgment denying summary judgment to the IAM and dismissing the amended complaint.

2. *Conditions Imposed on Filing the Amended Complaint*

The second issue presented for decision requires us to analyze both the amendment policy of the Federal Rules of Civil Procedure and the right of a party to recover attorney's fees.

■ The grant or denial of an opportunity to amend a complaint is within the discretion of the trial court and "we will reverse a district court's action on a motion for leave to amend only if the action is an abuse of discretion." *Hurn v. Retirement Fund Trust of Plumbing, Heating and Piping Industry,* 648 F.2d 1252, 1254 (9th Cir.1981) (citation omitted); *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Similarly, we cannot reverse an award of attorney's fees absent an abuse of discretion. *Jones v. Giles,* 741 F.2d 245, 250 (9th Cir.1984); *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 69 (9th Cir.1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976).

We address first whether the district court abused its discretion in imposing conditions on the leave to amend the IAM's complaint. Under the liberal amendment policy of Fed.R.Civ.P. 15(a), after a responsive pleading has been filed, a party may amend his pleading only by leave of the court, but such "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). "The propriety of a motion for leave to amend is generally determined by reference to several factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." *Hurn,* 648 F.2d at 1254. We do not find any of these factors present here.

■ Prior to the IAM's request for leave to file its amended complaint, the AMFA had exhausted the grievance procedure under the collective bargaining agreement and had attempted to arbitrate the dispute; much of the delay in the district court proceeding was the result of the acquisition of Airwest by Republic. In addition, Republic has shown no bad faith on the part of the IAM.

We do not find any futility of amendment, since the relief requested in the amended complaint, to proceed to arbitration, is the appropriate remedy under the Railway Labor Act. In addition, there is no prejudice to Republic in requiring it to arbitrate this dispute, since Airwest had previously stated that this dispute was appropriate for arbitration, and Republic, after its acquisition of Airwest, had refused to arbitrate the matter.

The district court may, in its discretion, impose "reasonable conditions" on a grant of leave to amend a complaint. *Mountain View Pharmacy v. Abbott Laboratories,* 630 F.2d 1383, 1386 (10th Cir.1980). In determining whether to impose conditions, the factors that are relevant to determining whether to grant leave initially may be considered. *See* 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1486 (1971 & Supp.1984). Since the interests of justice required allowing the IAM to file its amended complaint, we cannot find that the condition of the payment of attorney's fees and costs as a prerequisite to filing the amended complaint was reasonable. The IAM should have been allowed to file the amended complaint without the imposition of any conditions.

With respect to the issue of attorney's fees, ordinarily, the prevailing party may not be awarded attorney's fees absent statutory authority or an enforceable contract. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 257, 95 S.Ct. 1612, 1621, 44 L.Ed.2d 141 (1975). Assuming arguendo that we view the attorney's fees to have been awarded upon a Fed.R.Civ.P. 41 dismissal, we find no authority under either the Railway Labor Act or the contract for awarding such fees. Further, although attorney's fees may be awarded when the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," *id.* at 258–59, 95 S.Ct. at 1622 (quoting *F.D. Rich Co., Inc. v. United States ex. rel. Industrial Lumber Co.,* 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974)), we do not find any such action on the part of the IAM to justify an award of attorney's fees to Republic.

The award of attorney's fees and costs to Republic and the judgment of dismissal with prejudice are reversed. We remand with instructions to compel arbitration proceedings before the Section 204 Railway Adjustment Board.