**IBTCWHA, LOCAL UNION NO. 2707,**
Plaintiff-Appellant,

v.

**WESTERN AIR LINES, INC., et al.,**
Defendants-Appellees.

**AIR TRANSPORT EMPLOYEES,**
Plaintiff-Appellant,

v.

**WESTERN AIR LINES, INC.,**
Defendant-Appellee.

Nos. 87–5657/5667.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 30, 1987.

Decided March 31, 1987.

Opinion Filed April 1, 1987.

As Amended June 1, 1987.

Robert D. Vogel, Roland P. Wilder, Jr., Wilma B. Liebman, and William Lurye, Los Angeles, Cal., for International Broth. of Teamsters Union plaintiff-appellant.

Robert A. Bush, Los Angeles, Cal., for Air Transport Employees Union plaintiff-appellant.

Scott Kruse, Los Angeles, Cal., for defendants-appellees.

Before GOODWIN, SCHROEDER, and POOLE, Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants are the International Brotherhood of Teamsters (IBT) and Air Transport Employees (ATE), two unions which represent employees of Western Air Lines. They filed these actions, which we have consolidated on appeal, to require Western to arbitrate the unions' claims that Western's agreement to merge with Delta Air Lines violates collective bargaining agreements between Western and the unions.

The district court dismissed the actions because it viewed the disputes as representational disputes within the exclusive jurisdiction of the National Mediation Board (NMB or Board). *See* 45 U.S.C. § 152. The unions, on the other hand, characterize the disputes as concerning the proper interpretation of terms of collective bargaining agreements, including specifically bargained for provisions on mergers, and thus arbitrable as minor disputes under the Railway Labor Act (RLA). *See* 45 U.S.C. § 184. The unions point out that the Board lacks authority to enforce contracts, *see Chicago & N.W. Ry. v. United Transportation Union,* 402 U.S. 570, 91 S.Ct. 1731, 29 L.Ed.2d 187 (1971).

We granted both unions' requests for injunctive relief pending appeal and ordered arbitration to proceed on an expedited basis. All parties have requested an expedited hearing of the merits of the appeal, and we have granted such expedited treatment so that the issue of the arbitrability of the dispute can be resolved before the scheduled merger of the two airlines on April 1, 1987. We hold that the disputes are arbitrable (minor) disputes under the RLA because they center on the applicability and interpretation of collective bargaining agreements. The arbitrations cannot be completed prior to the date of the scheduled merger of the two airlines, however, and if the merger is consummated as planned there will be no entity with whom the unions may arbitrate. In order to preserve the status quo, *see Brotherhood of Locomotive Engineers v. Missouri-Kansas-Texas R.R.,* 363 U.S. 528, 531, 80 S.Ct. 1326, 1328, 4 L.Ed.2d 1379 (1960), we order Western Air Lines to take appropriate steps to see that a valid award of the arbitrator may be enforced.

BACKGROUND

ATE is the certified representative of Western's clerical, office, fleet, and passenger service employees. IBT represents Western's mechanics, stock clerks, and flight instructors.

Western's collective bargaining agreement with ATE states that the agreement shall be binding on any successor of Western and that the successor shall continue to apply the terms of the agreement until the agreement is changed in accordance with the RLA. Western's agreement with IBT similarly provides that the collective bargaining agreements are binding on Western's successors and that, in case of consolidation or merger, Western and IBT shall meet to negotiate provisions for protection of Western employees.

On September 1, 1984, IBT and Western signed a letter of agreement stating that if Western were the object of an unfriendly takeover, it would require the acquiring airline to assume its collective bargaining agreement obligations to IBT. The letter further states that Western will be liable to

IBT and Western's employees for damages if Western fails to obtain such agreement from the acquiring airline.

A second letter of agreement between IBT and Western, dated September 14, 1984, states that Western will not agree to a merger unless the acquiring airline agrees that Western's maintenance facilities will be operated separately from those of the acquiring airline, unless IBT agrees to integration of Western's mechanics with those of the purchasing company. The letter further stipulates that after a merger all work performed by Western employees represented by IBT would continue to be assigned to those employees, and that work would continue to be recognized as within IBT's jurisdiction and covered by the IBT-Western collective bargaining agreements. Similar understandings with respect to merger were negotiated with ATE.

These merger provisions between IBT and ATE and Western were agreed to as part of extensive negotiations which included wage concessions of ten percent for IBT-represented employees and ten to twenty percent by ATE-represented employees.

On September 9, 1986, Delta, its subsidiary DL Acquisition Corp., and Western entered into an agreement to merge Western into Delta. The United States Department of Transportation approved the merger and Delta acquired Western's shares on December 16, 1986. Delta's acquisition of Western stock constituted the first phase of the merger. The second phase is scheduled to occur on April 1, 1987, when Delta will combine operations of the two airlines. Western will cease to exist as a separate corporate entity on that date. The merger agreement between Western and Delta does not provide that Delta will recognize the unions or be bound by the Western-ATE/IBT collective bargaining agreements after April 1. It apparently makes no mention of Western's agreements with the unions regarding merger. Delta employees within the crafts covered by these collective bargaining agreements are not represented by any union.

Both unions filed grievances regarding Western's alleged failure to comply with the collective bargaining agreements. Both unions alleged that the collective bargaining agreements were breached by Western's agreement to merge. Western responded that the clauses and letters of agreement were inapplicable to the merger. Both unions then requested arbitration of whether there had been a breach by the merger agreement. Western refused to submit to arbitration of these issues on the ground that they might result in the arbitration deciding who would properly represent Delta employees after the merger. Western argued that because these issues involve the unions' representation status, they are not arbitrable, but instead are subject to the exclusive jurisdiction of the NMB.

Both unions then filed actions in the district court for injunctions to compel arbitration. On February 17, 1987, the district court considered both cases simultaneously and dismissed both actions for lack of jurisdiction. In both cases, the court in two-page orders agreed with Western that the disputes involved representation issues over which the NMB has exclusive jurisdiction. Both unions timely appealed.

THESE APPEALS

The merits of these appeals concern essentially jurisdictional questions. They are whether the provisions of the collective bargaining agreements or the letters of agreement, are enforceable through arbitration, or whether they raise questions of representation that can be decided only by the NMB.

The RLA, which governs labor relations in the railroad and airline industries, defines three classes of labor disputes. *International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America v. Texas International Airlines, Inc.*, 717 F.2d 157, 158 (5th Cir.1983) (representation, minor, and major). None of the parties contend that this is a major dispute, so we are concerned only with the distinction between representation and minor disputes.

■ Representation disputes involve determining the collective bargaining representative of the employees and the proper bargaining unit, craft, or class of employees to be represented. *Id.* at 158–59. A dispute as to the proper representative of airline employees is committed to the exclusive jurisdiction of the NMB. *Id;* 45 U.S.C. § 152 (Ninth). Thus, federal courts lack jurisdiction over actions raising such disputes.

■ A minor dispute involves a disagreement over the application or interpretation of an existing collective bargaining agreement. *International Association of Machinists and Aerospace Workers v. Aloha Airlines, Inc.,* 776 F.2d 812, 815 (9th Cir. 1985). Any controversy over the meaning of a collective bargaining agreement in the context of a particular fact situation is a minor dispute. *See International Association of Machinists and Aerospace Workers v. Republic Airlines,* 761 F.2d 1386, 1390 (9th Cir.1985); *Kaschak v. Consolidated Rail Corp.,* 707 F.2d 902, 905 (6th Cir.1983). We have said that where the position of one party is expressly and arguably predicated on the terms of the agreement, "the question of whether the position is well taken involves a minor dispute." *Switchmen's Union of North America v. Southern Pacific Co.,* 398 F.2d 443, 447 (9th Cir.1968). *Aloha Airlines,* 776 F.2d at 816; *O'Donnell v. Wien Air Alaska, Inc.,* 551 F.2d 1141, 1146–47 (9th Cir.1977). The exclusive means of resolving such disputes is through RLA grievance and arbitration procedures which can be compelled by court order. *See Republic Airlines,* 761 F.2d at 1389–90. The arbitrator, however, has primary and exclusive jurisdiction to interpret the provisions of a collective bargaining agreement and fashion the appropriate award in case of breach. *Id.* at 1390.

■ It is important here to view these cases in the context in which they now exist. The unions have been certified by NMB as the bargaining representatives of Western employees. At the time these cases were filed, Western existed as an independent operational entity. However, Western's separate corporate operations at the time of this writing are scheduled to cease momentarily.

The unions are not seeking either by this action or by arbitration to obtain recognition by Western of their status as the collective bargaining representatives of Western's employees; the unions already have such recognition. Similarly, the unions are not seeking a determination that they are the collective bargaining representative of Delta employees. This action seeks arbitration with Western, not Delta. The arbitration is not likely to make a determination that any union or unions will become the representative of Delta employees, given the scope of jurisdiction of the Systems Adjustment Board. *See* 45 U.S.C. § 184. Instead, the unions seek a determination that Western breached its agreement by agreeing to a merger with an airline that did not agree to voluntarily recognize the unions. Thus, strictly speaking, the actions by these unions are not for resolution of "representation" disputes, but are merely claims that Western has breached its contract.

Western contends, and the district court agreed, that other circuits have held that disputes similar to those raised by IBT and ATE involved representation and thus were not arbitrable. These cases, however, generally involve an attempt by a union after a merger has taken effect to force a successor employer to be bound by a collective bargaining agreement entered into by the union and the predecessor employer. *Texas International Airlines,* 717 F.2d at 158; *International Association of Machinists and Aerospace Workers v. Northeast Airlines, Inc.,* 536 F.2d 975, 976 (1st Cir.), *cert. denied,* 429 U.S. 961, 97 S.Ct. 387, 50 L.Ed.2d 328 (1976). *See also Air Line Pilots Association, International v. Texas International Airlines, Inc.,* 656 F.2d 16, 17–18 (2d Cir.1981).

For this reason appellees place particular reliance upon *Air Line Employees Associ-*

*ation, International v. Republic Airlines, Inc.*, 798 F.2d 967 (7th Cir.) (per curiam), *cert. denied,* —— U.S. ——, 107 S.Ct. 458, 93 L.Ed.2d 404 (1986), a case filed before a merger. Although the multi-count complaint contained a count alleging breach of the collective bargaining agreement and seeking arbitration, the case was clearly a dispute between two unions concerning post-merger representation. The relief sought included a court ordered election to determine majority status. The court properly treated the case essentially as an attempt to secure a court order deciding which union should represent employees after the merger, and dismissed for lack of jurisdiction over representation matters, relying upon the Fifth Circuit's decision in *Texas International Airlines.*

A more instructive decision from the Seventh Circuit is *Local Lodge No. 1266 v. Panoramic Corp.*, 668 F.2d 276 (7th Cir. 1981), in which arbitration of a successor-employer clause was sought. The court affirmed an order enjoining a sale of corporate assets pending arbitration, stating:

> We conclude that the Union's claim that the proposed sale of the [company] violates the "successors" clause of the collective bargaining agreement raises a sufficiently "genuine" dispute to support a status quo injunction. We decline Panoramic's invitation to parse the language of the "successors" clause, which Panoramic contends cannot support the Union's interpretation. Contract interpretation is the function of the arbitrator not the courts.

*Id.* at 285. Although *Panoramic* arose under the National Labor Relations Act rather than the RLA, the role of the arbitrator in interpreting the contract under the RLA is exclusive, and thus very broad. *Aloha Airlines*, 776 F.2d at 815. *See also International Association of Machinists and Aerospace Workers v. Northeast Airlines, Inc.*, 473 F.2d 549, 551 (1st Cir.), *cert. denied*, 409 U.S. 845, 93 S.Ct. 48, 34 L.Ed.2d 85 (1972). In *Northeast Airlines,* the collective bargaining agreement provided that it would be binding on successors of Northeast, and that if a merger were imminent, representatives of Northeast and the union would meet to negotiate protective provisions for Northeast employees. Although the court refused to enjoin the merger due to its finding under a balance of hardships analysis that Northeast would go out of business if the merger failed, *id.* at 553–59, it stated that whether Northeast was required by the successor-employer clause to negotiate with the union regarding post-merger employee rights was a minor dispute and thus arbitrable. *Id.* at 554–55.

We have recognized that injunctive relief is appropriate to compel parties to fulfill their obligations under the RLA. *Federal Express Corp. v. Teamster Union*, 617 F.2d 524, 526 (9th Cir.1980). Arbitration is such an obligation and we therefore hold that the district court erred in deciding that it was without jurisdiction to enter an order to arbitrate.

We face, however, the practical problem that at this late stage, with the merger imminent and one party to the arbitration about to cease its independent existence, both parties assert that the district court will lose jurisdiction to enter an effective arbitration order if the merger takes place as presently planned. The unions have therefore asked that we enjoin the merger in its entirety pending arbitration, a step resisted by Western because of the disruption to its other contractual obligations. Such disruption may be avoided, however, if appropriate steps are taken to see that the successor corporation agrees to honor the contractual obligations, if any, of Western to the unions.

We express no opinion as to the proper interpretation of the contract or the appropriate remedies in the event the arbitrator determines that there has been a breach. We expressly decline to decide whether the arbitrator can validly order representation by any union. It is the function of the arbitrator, not the courts, to decide the meaning of the contract and to consider appropriate remedies in the first instance.

The courts can and should preserve the status quo so that such arbitration may proceed under the RLA. *See Brotherhood of Locomotive Engineers,* 363 U.S. at 531, 80 S.Ct. at 1328.

We have therefore directed the following:

1. The judgments of the district court dismissing the unions' actions are reversed and the causes are remanded with instructions to enter orders compelling arbitration.

2. Western's motion for reconsideration of our order compelling arbitration pending appeal is denied.

3. The contemplated merger of Western Air Lines and Delta Air Lines is enjoined pending completion of arbitration proceedings or until Western and Delta file with the clerk of this court a stipulation that the result of the arbitration, subject to appropriate judicial review and all valid defenses, will bind the successor corporation. Upon filing of such stipulation and approval by this court, the injunction of the merger shall terminate.

4. Subject to the provisions of the foregoing paragraph, the district court shall retain jurisdiction to ensure that the arbitration proceeds without undue delay.

5. Because the injunction is ordered to preserve the jurisdiction of the district court and the Systems Adjustment Board, under the Railway Labor Act, no bond will be required.

6. Each party is to bear its own costs.

It is so ordered.