IBTCWHA, LOCAL UNION NO. 2702,
Plaintiff–Appellant,

v.

WESTERN AIR LINES, INC., et al.,
Defendants–Appellees.

AIR TRANSPORT EMPLOYEES,
Plainitff–Appellant,

v.

WESTERN AIR LINES, INC.,
Defendant–Appellee.

Nos. 87–5657, 87–5667.

United States Court of Appeals,
Ninth Circuit.

Aug. 18, 1988.

Robert Vogel and Roland Wilder, Jr., Robert A. Bush, Los Angeles, Cal., for plaintiffs-appellants.

Scott Kruse, Los Angeles, Cal., for defendants-appellees.

On remand from the United States Supreme Court.

Before GOODWIN, Chief Judge, and SCHROEDER and POOLE, Circuit Judges.

ORDER

This matter is before us after the United States Supreme Court vacated our decision in *IBTCWHA, Local Union No. 2707 v. Western Air Lines, Inc.*, 813 F.2d 1359 (9th Cir.1987), and remanded for consideration of mootness. *Delta Air Lines, Inc. v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Airline Division,* —— U.S. ——, 108 S.Ct. 53, 98 L.Ed.2d 18 (1987). The unions originally filed this action to compel Western Air Lines to submit to arbitration of the unions' claim that Western's agreement to merge with Delta Air Lines violated collective bargaining agreements between Western and the unions. The relief sought was an order compelling Western to arbitrate and an injunction prohibiting the merger.

The district court denied the relief, and in an expedited appeal we ordered arbitration and conditionally stayed the merger. Upon the airline's ex parte application to Justice O'Connor, our stay was lifted and the merger took place. Accordingly, none of the relief sought in the original complaint is now available. *See* 13A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3533.3, p. 261 (1984) ("[t]he central question of all mootness problems is whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief"). We express no opinion as to the viability of any claims that may be asserted in the post-merger context. None are present in this case.

Accordingly, the appeal is dismissed as moot, and the district court should vacate its decision. *See United States v. Munsingwear, Inc.,* 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950).