**IT IS HEREBY ORDERED** that defendant DePaul's motion to dismiss Count II is **DENIED.** [Doc. 21]

**IT IS FURTHER ORDERED** that defendant DePaul's motions to strike and to dismiss plaintiff's original complaint are **DENIED as moot.** [Doc. 14, 15]

**INDEPENDENT FEDERATION OF FLIGHT ATTENDANTS,** Plaintiff,

v.

**TRANS WORLD AIRLINES, INC., Defendant.**

No. 4:95CV2215SNL.

United States District Court, E.D. Missouri, Eastern Division.

March 12, 1996.

James G. Walsh, Jr., Jolley and Walsh, Kansas City, MO, for plaintiff.

John B. Renick, Associate, John F. Kuenstler, McMahon and Berger, St. Louis, MO, for defendant.

### MEMORANDUM

LIMBAUGH, District Judge.

Plaintiff originally filed this declaratory judgment action in the United States District Court, Western District of Missouri, St. Joseph Division. On October 12, 1995 the case was transferred to the Eastern District of

Missouri, Eastern Division and assigned to this Court. On November 20, 1995 plaintiff filed its' motion for summary judgment (# 10). On November 27, 1995 counsel for the defendant entered his appearance and on December 4, 1995 filed defendant's answer to the plaintiff' complaint. On December 26, 1995 defendant filed it response to the plaintiff's motion for summary judgment (# 17). Plaintiff filed its' reply brief on January 5, 1996 (# 18). This matter is now ripe for disposition.

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. *New England Mut. Life Ins. Co. v. Null,* 554 F.2d 896, 901 (8th Cir.1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." *Mt. Pleasant v. Associated Elec. Coop. Inc.,* 838 F.2d 268, 273 (8th Cir.1988).

Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). The burden is on the moving party. *Mt. Pleasant,* 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S.

317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler,* 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.,* 541 F.2d 207, 210 (8th Cir.1976). With these principles in mind, the Court turns to an examination of the facts.

The facts pertinent to the case before this Court are largely undisputed. Plaintiff is a labor organization duly certified to act as the bargaining representative, under the provisions of the Railway Labor Act (RLA), 45 U.S.C. §§ 151 *et. seq.,* for the TWA flight attendants. Defendant Trans World Airlines, Inc. (hereinafter referred to as "TWA") is a common carrier by air subject to the provisions of the Railway Labor Act.

For a number of years, and at all time relevant to this cause of action, the plaintiff (IFFA) and defendant were parties to a collective bargaining agreement fixing the rates of pay, rules, and working conditions of TWA flight attendants. In 1989 a dispute arose between IFFA and TWA regarding the termination of the employment of Betty Taggert resulting in plaintiff filing Grievance No. 89–0154.

Terms of a settlement of this grievance was arrived at between plaintiff and defendant; however, Ms. Taggert refused to sign the settlement papers and instead pursued a civil cause of action against TWA.[1] Plaintiff did not execute the settlement papers. On November 18, 1994 defendant withdrew its offer of settlement of Grievance No. 89–0154.

Plaintiff filed this declaratory judgment action seeking a court order directing defendant to arbitrate Grievance No. 89–0154. Plaintiff contends, in the pending motion,

---

1. TWA presents a lengthy dissertation of Ms. Taggert's pursuit of judicial relief regarding her termination. However, the history of Ms. Taggert's lawsuit is not germane to the issues present in the pending motion, and suffice it to say that Ms. Taggert no longer has an active civil suit against TWA.

that said grievance remains unresolved, therefore, defendant is obligated under the RLA and the terms of the collective bargaining agreement to arbitrate the grievance. Defendant argues that the grievance was settled between the parties, regardless of the individual flight attendant's refusal to sign the settlement papers, and therefore, there is no grievance to arbitrate. Defendant contends that numerous issues of fact exist (precluding the granting of summary judgment) as to "the circumstances of the settlement agreed to by the parties, the role afforded Ms. Taggart in the settlement process, the reasons for her refusal to accept the settlement, the reasons for her refusal to accept an offer of judgment for the same relief sought on the grievance, and the motivation for her last minute refusal to proceed to trial on her claims when the trial could have afforded her greater relief than she could obtain in arbitration and, more importantly, eliminated any need for arbitration of the grievance." Defendant's Response to Plaintiff' Motion for Summary Judgment, pg. 7.

The Court has carefully reviewed the parties' pleadings and the relevant caselaw and finds that this dispute is suitable for arbitration pursuant to the RLA and to the parties' collective bargaining agreement.

The parties' dispute is whether the grievance was settled or not. The issue for this Court to decide is whether this Court has jurisdiction to resolve the dispute or whether the System Board of Adjustment has exclusive jurisdiction to resolve the dispute (via arbitration). Defendant seeks to circumvent this jurisdictional issue by arguing that "genuine issues of fact" exist regarding Ms. Taggart's motives and actions regarding her independent civil suit. However, consideration of Ms. Taggart's motives and actions regarding her independent civil suit is not relevant to the determination of whether the dispute regarding settlement of her grievance is arbitrable pursuant to the RLA and the parties' collective bargaining agreement.

The RLA was created to "promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes." *Hawaiian Airlines v. Norris,* —— U.S. ——, ——, 114 S.Ct. 2239, 2243, 129 L.Ed.2d 203 (1994). In order to carry out this goal, the RLA established "a mandatory arbitral mechanism for the 'prompt and orderly settlement' of two classes of disputes". *Hawaiian Airlines v. Norris,* —— U.S. at ——, 114 S.Ct. at 2243. The RLA classifies disputes as either major or minor. Major disputes relate to the creation or modification of a collective bargaining agreement to secure future rights associated with rates of pay, rules, or working conditions. *Hawaiian Airlines v. Norris,* —— U.S. at ——, 114 S.Ct. at 2244; *Consolidated Rail Corp. v. Railway Labor Executives' Assn.,* 491 U.S. 299, 302, 109 S.Ct. 2477, 2480, 105 L.Ed.2d 250 (1989); *Elgin, Joliet & Eastern Railway Co. v. Burley,* 325 U.S. 711, 722–23, 65 S.Ct. 1282, 1289–90, 89 L.Ed. 1886 (1945); *International Ass'n. of Machinists v. Soo Line R.,* 850 F.2d 368, 376 (8th Cir.1988). Minor disputes seek to enforce the rights already present in an existing collective bargaining agreement; i.e. seek interpretation or application of an existing collective bargaining agreement. *Hawaiian Airlines v. Norris,* —— U.S. at ——, 114 S.Ct. at 2244; *Elgin, Joliet & Eastern Railway Co.,* 325 U.S. at 722–23, 65 S.Ct. at 1289–90; *Soo Line R.,* at 376; *Air Line Pilots Ass'n v. Precision Valley Aviation, Inc.,* 855 F.Supp. 27, 30 (D.N.H.1993).

Title II of the Railway Labor Act relates to procedures in the aviation field analogous to the procedures proscribed by Title I of the Railway Labor Act for the railroad industry. Section 184 states:

> The disputes between an employee or group of employees and a carrier or carriers by air growing out of grievances, or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions, including cases pending and unadjusted on April 10, 1936, before the National Labor Relations Board, shall be handled in the usual manner up to and including the chief operating officer of the carrier designated to handle such disputes; but, failing to reach an adjustment in this manner, the disputes may be referred by petition of the parties or by either party to an appropriate adjustment board, as hereinafter provided,

with a full statement of the facts and supporting data bearing upon the disputes. 45 U.S.C. § 184. The remainder of § 184 details the creation of these "appropriate adjustment board(s)" in accordance with § 153 of the RLA. Thus, Section 184 of the RLA requires that minor disputes, involving the airline industry, are subject to compulsory and binding arbitration before the System Board of Adjustment. *Air Line Pilots Ass'n. v. Precision Valley Aviation*, at 30 citing *Railway Labor Executives' Ass'n v. Boston & Me. Corp.*, 808 F.2d 150, 157 (1st Cir.1986); *International Ass'n of Machinists and Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1389 (9th Cir.1985) *citing International Ass'n of Machinists v. Central Airlines, Inc.*, 372 U.S. 682, 686, 83 S.Ct. 956, 959, 10 L.Ed.2d 67 (1963).

■ Here the parties disagree over whether Ms. Taggart's grievance was settled in accordance with the collective bargaining agreement then in place. Plaintiff contends that Ms. Taggart's acquiesence was necessary in order to execute the settlement agreement; defendant, on the other hand, claims that the collective bargaining agreement does not require Ms. Taggart's approval of any settlement of her grievance reached by the plaintiff and the defendant. Clearly, then interpretation and/or application of the collective bargaining agreement is central to this dispute.

■ Although the issue present in this case has not been addressed by other courts, as it pertains to the RLA, other courts have addressed this issue in the context of a § 301 claim under the National Labor Relations Act, 29 U.S.C. § 185 *et. seq.* These courts have held that the issue of whether a grievance arising under a collective bargaining agreement was settled during processing is an issue for an arbitrator to decide, not the courts. *Aluminum, Brick & Glass Workers v. AAA Plumbing Pottery Corp.*, 991 F.2d 1545, 1549 (11th Cir.1993); *International Union, United Automobile, Aircraft, and Agricultural Implement Workers of America (UAW, AFL–CIO) v. Daniel Radiator Corp. of Texas*, 328 F.2d 614, 614–15 (5th Cir.1964). This Court finds the reasoning of these other courts persuasive and applicable in the pres-

ent situation. Whether or not Ms. Taggart's grievance was settled during its processing is a minor dispute that should be decided by arbitration before the System Board of Adjustment.

Furthermore, the parties' collective bargaining agreement provides for arbitration of grievances or "any dispute properly submitted to it [the Systems Board of Adjustment] by the President of the Union or his/her designated representative or by the Company when such dispute has not been previously settled in accordance with the terms provided for in the Agreement." Plaintiff's Reply Brief, Excerpts of the Collective Bargaining Agreement (relevant to the instant case)—Article 17, (E)(2)(b). A governing principle in labor law matters is that when a collective bargaining agreement contains a provision for arbitration, there is a presumption in favor of arbitration and that doubts concerning the arbitrability of a dispute should be resolved in favor of arbitration. *A.T. & T. Technologies v. Communications Workers*, 475 U.S. 643, 650, 106 S.Ct. 1415, 1419, 89 L.Ed.2d 648 (1986). The Court believes that this principle should prevail in the matter at hand.

Consequently, the Court determines that the parties' dispute over the settlement of Grievance No. 89–0154 is a minor dispute suitable for arbitration pursuant to the Railway Labor Act and the parties' collective bargaining agreement. Since there are no genuine issues of material fact regarding the issue of arbitrability, plaintiff is entitled to judgment as a matter of law.

### ORDER

In accordance with the memorandum filed herein this day,

**IT IS HEREBY ORDERED** that plaintiff's motion for summary judgment (# 10), filed November 20, 1995 be and is **GRANTED**. Judgment in entered for the plaintiff and against the defendant on the merits of the plaintiff's complaint. Defendant is obligated to arbitrate Grievance No. 89–0154 and hereby directed to do so.

**IT IS FINALLY ORDERED** that this cause of action is hereby **DISMISSED** with no further action to be taken.