## In re CIRCUIT BREAKER LITIGATION.

### No. CV 88–3012 CBM.

United States District Court,
C.D. California.

April 1, 1997.

David Steven Olson, Carlsmith, Ball, Wichman, Case & Ichiki, Los Angeles, CA, Robert E. Currie, Latham & Watkins, Costa Mesa, CA, Alan L. Barry, James J. Jagoda, Amy J. Gast, Wallenstein & Wagner, Chicago, IL, for Plaintiff Square D Co.

Holly A. McNulty, Shield & Smith, Los Angeles, CA, Ann M. Ghazarians & Brew, Los Angeles, CA, for Intervenor Connecticut Indemnity Co.

Brian E. Brick, Arthur Paul Berg, Berg & Brick, LaCanada, CA, for Intervenor Industrial Indemnity Co.

Paul D. Loreto, Robert P. Damone, Norby & Brodeur, Orange, CA, for Intervenor Gulf Ins. Co.

Jean M. Lawler, Murchison & Cumming, Los Angeles, CA, for Intervenor Home Ins. Co.

Maxwell M. Blecher, Donald R. Pepperman, Blecher & Collins, Los Angeles, CA, David Alan Huffaker, Alan H. Stanfill, George Oakes, Throckmorton Beckstrom Oakes & Tomassian, Pasadena, CA, Becky V. Christiansen, Becky V. Christiansen Law Office, Glendora, CA, for Defendant General Circuit Breaker & Electric Supply Inc. and Xavier Contreras.

J. Scott Bennett, Ray H. Shatzer, J. Scott Bennett Law Offices, Lake Elsinore, CA, Defendants for Panelboard Specialties Wholesale Elec., Inc. and Jamie Contreras.

Jeffrey Bradpiece Law Offices, Torrance, CA, for Defendant AC Circuit Breaker–Electrical Supply.

John S. McGeeney, Leonard C. Peterson, Paul Hastings Janofsky & Walker, Los Angeles, CA, John B. Stephens, Paul, Hastings, Janofsky & Walker, Costa Mesa, CA, Edward J. Cummings, Jr., Edward J. Cummings Jr. Law Offices, Niskayuna, NY, Robert D. Gilbert, General Elec., Fairfield, CT, Mansfield C. Neal, Jr., Mansfield C. Neal Law Office, Schenectady, NY, James P. Flynn, James P. Flynn Law Office, Plainville, CT, Norman A. Dupont, Shapiro, Hinds & Mitchell, Los Angeles, CA, for Counter–Defendant General Elec.

Jonathan D. Fink, G. Forsythe Bogeaus, Michael L. Wachtell, Buchalter, Nemer, Fields & Younger, Los Angeles, CA, John J. Verscaj, Francis J. Higgins, Margaret A. McGreal, Matthew A. Phillips, Bell, Boyd & Lloyd, Chicago, IL, for Counter–Defendant Underwriters Laboratories.

Joseph D. Lee, Gregory P. Stone, Marsha Hymanson, Ted G. Dane, Munger, Tolles & Olson, Los Angeles, CA, for Counter–Defendant Westinghouse Elec. Corp.

Ronald J. Nessim, Bird, Marella, Boxer, Wolpert & Matz, Los Angeles, CA, for Counter–Claimant MCCB, Inc. and Ricardo Contreras.

Michael J. Emling, Michael J. Emling Law Offices, Long Beach, CA, for Counter–Claimants Pecon Intern. Inc., General Magnetics/Electric and Julia Contreras.

MARSHALL, District Judge.

## ORDER RE: DEFENDANTS' MOTIONS FOR LEAVE TO AMEND COUNTERCLAIMS

The matters before the Court, the Honorable Consuelo B. Marshall, United States District Judge, presiding, are:

1. Pencon International d/b/a General Magnetics & Electric Wholesale Inc. and the Estate of Charley Contreras' ("Pencon/GMEW") Motion for Leave to File Second Amended Counterclaims Against Westinghouse Electric Corporation ("Westinghouse"), General Electric Company ("GE"), and Underwriters Laboratories, Inc. ("UL"); and

2. General Circuit Breaker and Electric Supply, Inc. and Xavier Contreras' ("GCB") Motion for Leave to File Amended Counterclaims.

Based upon the record and evidence before the Court, the Court issues the following Order DENYING Defendants' motions:

### Discussion

GCB and Pencon/GMEW are two of the three remaining Defendants in *In re Circuit Breaker Litigation.* GCB seeks leave to add sixteen causes of action to its twelve current counterclaims. GCB raises new causes of action against all four Plaintiffs. Pencon/GMEW seeks to add eight causes of action to its fifteen current counterclaims. Pencon/GMEW raises new counterclaims against Westinghouse, GE, and UL.

■ The federal rules provide that once the time to amend as a matter of right has expired, a party must obtain leave of the court to amend its pleadings. Fed.R.Civ.P. 15(a). Leave to amend lies within the sound discretion of the trial court, and will be reversed only for abuse of discretion. *International Ass'n of Machinists & Aerospace Workers v. Republic Airlines,* 761 F.2d 1386, 1390 (9th Cir.1985). This Court recognizes that leave to amend should be "freely given when justice so requires" and that this policy should be applied with "extraordinary liberality." *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir.1990). However, this Court also notes that leave to amend is by no means automatic. *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

■ As a threshold matter, a party seeking leave to amend should state the grounds for the amendment, and that "justice so requires." The burden usually shifts to the opposing party to show the court that justice requires denial. *Shipner v. Eastern Air Lines, Inc.,* 868 F.2d 401, 406–07 (11th Cir.1989). However, when considerable time has passed between the filing of the original pleading and the motion to amend, the burden remains with the movant to show some valid reason for the delay. *Carter v. Supermarkets Gen. Corp.,* 684 F.2d 187 (1st Cir.

1982); *Freeman v. Continental Gin Co.,* 381 F.2d 459, 469 (5th Cir.1967).

The Supreme Court has identified four factors that a district court should consider when evaluating whether to deny leave to amend. *Foman,* 371 U.S. at 182, 83 S.Ct. at 230. These factors include undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party. *Id. See also DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir.1987). A district court may find one factor or a combination of factors sufficient to deny leave to amend.

If a district court denies leave to amend, it must clearly state by written findings its reason for denial. *Foman,* 371 U.S. at 182, 83 S.Ct. at 230.

### 1. Undue Delay

■ Delay in bringing a motion to amend is relevant to the inquiry as to whether a trial court abuses its discretion in denying a motion for leave to amend. *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir.1990). However, while "[u]ndue delay is a valid reason for denying leave to amend," *Contact Lumber Co. v. P.T. Moges Shipping Co. Ltd.,* 918 F.2d 1446, 1454 (9th Cir.1990), delay is usually not sufficient alone to deny a motion to amend. *Morongo,* 893 F.2d at 1079. Nonetheless, delay in *combination* with other factors is sufficient reason for denial.[1] According to the Ninth Circuit, "late amendments to assert new theories are not reviewed favorably when the facts and the theories have been known to the party seeking amendment since the inception of the cause of action." *Acri v. International Ass'n of Machinists,* 781 F.2d 1393, 1398 (9th Cir.), *cert. denied,* 479 U.S. 816, 107 S.Ct. 73, 93 L.Ed.2d 29 (1986).

■ When deciding whether a party unduly delayed in raising a counterclaim, a court should first evaluate the time that has passed between the original pleading and the pro-

---

1. At least one court has stated that "[u]ntimeliness alone may be a sufficient basis for denial of leave to amend" even without showing prejudice to the opposing party. *Las Vegas Ice and Cold Storage Co. v. Far West Bank,* 893 F.2d 1182

(10th Cir.1990). *Las Vegas Ice and Cold* involved an attempt to amend 18 months after the complaint was filed, 9 months after partial summary judgment was entered, and 2 months before trial.

posed amendment. *See, e.g., Texaco, Inc. v. Ponsoldt,* 939 F.2d 794 (9th Cir.1991).

GCB filed its original counterclaims on October 21, 1988. It amended its counterclaims for the first time on February 21, 1989, and filed amended consolidated counterclaims on August 25, 1989. GCB filed its Second Amended Consolidated Counterclaims on March 3, 1992.

Pencon/GMEW filed its original counterclaims on December 12, 1991. It filed its First Amended Counterclaims on January 15, 1992.

In 1993, the Westinghouse trial ended, and by Order of the district court discovery on *In re Circuit Breaker Litigation* was reopened on November 22, 1994 as to Defendants' counterclaims. Discovery until that time had been stayed as to all claims, except Westinghouse's trademark infringement and unfair competition claims and Defendants' affirmative defenses.

In August, 1996, two weeks before the discovery cut-off date and one month before the cut-off date for all dispositive motions, GCB filed its motion to add counterclaims. On November 5, 1996, three weeks before the parties were scheduled to argue summary judgment motions, Pencon/GMEW filed the present motion. Neither Defendant provides any reason for the delay in raising its new counterclaims.

**2. Prejudice to Opposing Party**

While delay in seeking leave to amend is relevant, the resulting prejudice to the opposing party is by far the most important and most common reason for upholding a district court's decision to deny leave to amend. *See Missouri Hous. Dev. Comm'n v. Brice,* 919 F.2d 1306, 1316 (8th Cir.1990); *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1387 (9th Cir.1990); *Howey v. United States,* 481 F.2d 1187, 1190 (9th Cir.1973). The opposing party has the burden of demonstrating prejudice. The need for additional discovery is insufficient by itself to deny a proposed amended pleading. *United States v. Continental Ill. Nat'l Bank & Trust,* 889 F.2d 1248, 1255 (2d Cir.1989). The prejudice must be substantial. *Morongo Band,* 893 F.2d at 1079. However, the longer the delay in seeking to amend a counterclaim, the less of a showing of prejudice is needed for denial of the motion. *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir. 1993) quoting *Evans v. Syracuse City Sch. Dist.,* 704 F.2d 44, 47 (2d Cir.1983).

In this case, Plaintiffs demonstrate that they will be exposed to greater liability under Cal. Bus. & Prof Code § 17200 than under Defendants' previous counterclaims. In addition, Plaintiffs demonstrate that they will incur time and expense in having to defend against the new counterclaims because they could not reply to them during discovery and cannot attack them by summary judgment motion.

While this level of prejudice might not be so substantial as to warrant denial on its own, given the timing of the amendments, it is certainly a factor that militates against granting Defendants leave to amend.

**3. Bad Faith or Dilatory Motive**

A court may consider whether a party seeks leave to amend in bad faith or with a dilatory motive. Under Fed.R.Civ.P. 11, a party may not interpose an amendment to its pleadings solely for delay. Likewise, it cannot seek to amend claims that it cannot in good faith support.

While GCB included in its amended counterclaims a cause of action that was dismissed with prejudice by this Court seven years ago, and while both Pencon/GMEW and GCB interpose their amendments at the eleventh hour, their actions do not rise to the level of dilatory motive or bad faith.

**4. Futility of Amendment**

Leave to amend may be denied if the proposed amendment is futile or would be the subject of dismissal. *Saul v. United States,* 928 F.2d 829, 843 (9th Cir.1991). However, a proposed amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim. *Miller v. Rykoff–Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir.1988).

Each of Defendants' substantive amendments are futile because each is predi-

cated on facts and legal theories that failed on summary judgment as to the co-Defendants. For example, on February 24, 1997, the Court issued an Order granting partial summary judgment against PBS and Pencon/GMEW on their trade libel counterclaims. GCB's trade libel amendments are based on the same facts and allegations as its co-Defendants. Therefore, the Court finds that they are futile. On February 24, 1997, the Court issued an Order granting partial summary judgment against PBS and Pencon/GMEW on their defamation counterclaims. GCB's proposed amended defamation counterclaims are based on the same facts and allegations as its co-Defendants. Thus, the Court finds that they are futile.

In addition, on April 1, 1997, the Court issued an Order granting partial summary judgment against Defendants on each of their antitrust counterclaims and intentional interference with prospective economic advantage counterclaims. On April 1, 1997, the Court also issued an Order granting partial summary judgment against GCB on its abuse of process counterclaim. GCB and Pencon/GMEW's Sherman Act, intentional interference with prospective economic advantage, Cartwright Act, Lanham Act, and Cal. Bus. & Prof.Code § 17200 amendments are based on the same allegations and evidence as the failed counterclaims of co-Defendants. Thus, the Court finds that they are futile.

**5. Prior Opportunities to Amend**

 Although not listed as one of the four factors that courts always consider when deciding whether to deny leave to amend, a reviewing court will also take into consideration whether the district court afforded the moving party prior opportunities to amend. In *Mir v. Fosburg,* 646 F.2d 342, 347 (9th Cir.1980), the court stated that "a district court has broad discretion to grant or deny leave to amend, particularly where the court has already given [the party] one or more opportunities to amend." *See also DCD Programs,* 833 F.2d at 186 n. 3. While not sufficient alone to deny leave to amend, a party's prior opportunities to amend are relevant to whether the court abused its discretion in denying leave.

In this case, Defendants have had ample opportunity to amend their counterclaims to include the new causes of action. Both Defendants have already amended at least once, and neither Defendant has shown why it could not have added its new causes of action on the prior occasions that it amended its counterclaims. Neither Defendant makes any showing that any particular evidence, recently acquired in discovery, supported any particular legal theory or remedy that was not earlier available. In fact, each of the proposed amended counterclaims already failed under partial summary judgment motions against co-Defendants.

**Conclusion**

 Based upon a combination of the above mentioned factors, including delay, prejudice, futility, and prior opportunities to amend, the Court DENIES Defendants' motions for leave to amend their counterclaims.

IT IS SO ORDERED.