**Ellis M. HURN, Plaintiff,**

v.

**RETIREMENT FUND TRUST OF the PLUMBING, HEATING AND PIPING INDUSTRY OF SOUTHERN CALIFORNIA, Defendants.**

**No. CV 76–2487–AAH.**

United States District Court, C. D. California.

Nov. 7, 1978.

Law Offices of Joseph M. Fredricks, Los Angeles, Cal. (Henry R. Fenton, Los Angeles, Cal., of counsel), for plaintiff.

Richard J. Davis, Jr., of Brundage Davis, Frommer & Jesinger, Los Angeles, Cal., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

This matter having come before the Court on October 16, 1978 upon duly entered Cross Motions for Summary Judgment, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. All events herein took place within the Central District of California.

2. Defendant Retirement Fund Trust is an employee pension benefit plan as defined by ERISA and a Taft-Hartley trust fund created pursuant to 29 U.S.C. § 186. The Trust provides pension benefits to retired plumbers and pipefitters in Southern California.

3. Defendant Fund's benefit program is described in its Rules and Regulations.

4. On or about June 25, 1975, plaintiff Ellis Hurn was awarded an early retirement service pension upon his application to the defendant Fund.

5. At all times material to this case, Article III, Section 21(b) of the defendant's Rules and Regulations has provided that any pensioner who accepts nomination as a candidate for a union office in a participating union shall suffer suspension of benefits for such time as they seek or hold a union office, and an additional period of six months.

6. On or about November 21, 1975, plaintiff Hurn accepted nomination to the office of President of Steamfitters Union Local No. 250, the largest union participating in the defendant Fund, with full knowledge that such acceptance violated Article III, Section 21 of the Fund's Rules and Regulations.

7. On and after January, 1976, plaintiff Hurn's pension benefits were suspended by

**114**

defendant Fund, in accordance with its Rules and Regulations, the suspension effective February, 1976 through September, 1976.

8. There are no material facts which are in dispute in this case.

9. Plaintiff Hurn's birthdate is June 9, 1917. He will reach age sixty-five (65) on June 9, 1982. During the time of the suspension, plaintiff Hurn was 58 and 59 years of age.

10. Defendant Fund's Rules and Regulations have, at all times material to this case, established the age of sixty-five (65) as the Fund's normal retirement age.

11. Incorporated by reference herein, as though fully set forth, are any findings of fact which are included as conclusions of law.

### CONCLUSIONS OF LAW

1. Defendant Fund is entitled to summary judgment pursuant to Federal Rule of Civil Procedure 56.

2. Plaintiff Hurn knowingly and wilfully violated an established Rule and Regulation of the Defendant Fund.

3. Plaintiff Hurn had not reached his normal retirement age as defined by ERISA, 29 U.S.C. §§ 1002(23), 1002(24) and 1053(a), at the time the defendant Fund suspended his benefits as a consequence of plaintiff's wilful violation of defendant's Rules.

4. No basis of federal jurisdiction is alleged by plaintiff other than the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.*

5. No suspension of benefits received by a pensioner is limited by ERISA unless and until the pensioner has attained normal retirement age, 29 U.S.C. § 1053(a).

6. Plaintiff's Complaint fails to state a claim upon which relief can be granted, and must therefore be dismissed.

7. Defendant Fund is entitled to reasonable attorneys fees for its defense of this action pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g) in view of plaintiff's wilful violation of defendant's Rules and Regulations, and in order that the other pension beneficiaries of defendant Fund not be penalized by the expenditure of attorneys fees in such a case.

8. Incorporated by reference herein, as though fully set forth, are any conclusions of law which are included as findings of fact.