Ellis M. HURN, Plaintiff-Appellant,

v.

RETIREMENT FUND TRUST OF the PLUMBING, HEATING AND PIPING INDUSTRY OF SOUTHERN CALIFORNIA, Defendant-Appellee.

No. 79–3141.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 1980.

Decided June 26, 1981.

Henry Fenton, Los Angeles, Cal., for plaintiff-appellant.

Richard J. Davis, Jr., Brundage, Beeson & Pappy, Los Angeles, Cal., for defendant-appellee.

Before GIBSON,* Senior Circuit Judge, SNEED and TANG, Circuit Judges.

TANG, Circuit Judge:

Ellis Hurn appeals from the grant of summary judgment in favor of the Retirement Fund Trust of the Plumbing, Heating and Piping Industry of Southern California ("the Fund") and from the denial of his motion for leave to amend his complaint. We affirm in part and reverse in part.

Hurn began receiving early retirement pension benefits in June, 1975. In November, 1975 Hurn accepted nomination to the office of president of Local 250. As a result, Hurn's pension benefits were suspended from February, 1976 until September, 1976.[1] During the period of suspension Hurn was 58 and 59 years old.

Hurn filed suit claiming that the suspension violated section 203 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1053. The district court held that Hurn failed to state a claim under ERISA, and that the complaint alleged no other basis of federal jurisdiction. *Hurn v. Retirement Fund Trust*, 460 F.Supp. 112 (C.D.Cal.1978). Hurn's motion for leave to amend his complaint to allege a claim under section 302 of the Taft-Hartley Act, 29 U.S.C. § 186, filed approximately two years after his original complaint, was denied without a statement of reasons.

Hurn contends that: (1) he stated a claim under ERISA; (2) he stated a claim under section 302 of the Taft-Hartley Act; and (3) the district court erred in denying his motion for leave to amend his complaint to include a section 302 claim.

I

The ERISA Claim

Hurn argues that the district court erred in holding that his complaint failed to state a claim based on section 203 of ERISA, 29 U.S.C. § 1053. We disagree.

Section 1053(a) provides that "an employee's right to his normal retirement benefit is nonforfeitable upon the attainment of normal retirement age...." The critical inquiry is whether Hurn had reached "normal retirement age", for if he had not, section 1053(a) would not protect him from the suspension of benefits he suffered. *See Capocci v. General Motors Corp.,* 444 F.Supp. 1306 (D.Hawaii 1978); *Riley v. MEBA Pension Trust,* 452 F.Supp. 117 (S.D. N.Y.), *aff'd,* 586 F.2d 968 (2d Cir. 1978).

"Normal retirement age" is defined as the earlier of "(A) the time a plan participant attains normal retirement age under the plan, or (B) the later of—(i) the time a plan participant attains age 65, or (ii) the 10th anniversary of the time a plan participant commenced participation in the plan." 29 U.S.C. § 1002(24). Under the Fund's plan, normal retirement age is 65. Therefore, for section 1053(a) purposes, "normal retirement age" is age 65. Hurn was not 65 during the period he suffered the suspension of benefits and thus cannot state a

---

* The Honorable Floyd R. Gibson, Senior United States Circuit Judge, U. S. Court of Appeals for the Eighth Circuit, sitting by designation.

1. The district court found that the Fund's rules provide that any pensioner accepting nomination for union office shall suffer suspension of benefits for as long as he seeks or holds office. Hurn challenges this finding as clearly erroneous. We need not reach that question, for we find threshold grounds for affirming the lower court's dismissal of Hurn's ERISA claim. *See* Part I, *infra.*

claim under section 1053(a). We affirm the judgment of the district court with regard to this issue.

## II

### Leave To Amend

■ Hurn claims that the district court erred in denying his motion for leave to amend his complaint to state a cause of action under section 302 of the Taft-Hartley Act, 29 U.S.C. § 186. We agree.[2]

■ Initially, we note that "[t]he Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F.R.Civ.P., by freely granting leave to amend when justice so requires." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (citing *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). "The purpose of pleadings is 'to facilitate a proper disposition on the merits' . . . . " *Howey*, 481 F.2d at 1190 (quoting *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)). Nonetheless, we will reverse a district court's action on a motion for leave to amend only if the action is an abuse of discretion. *Komie v. Buehler Corp.*, 449 F.2d 644 (9th Cir. 1971). The district court must, however, exercise its discretion, and a denial without stated reasons, where the reasons are not readily apparent, constitutes an abuse of discretion. *Foman*, 371 U.S. at 182, 83 S.Ct. at 230; *Komie*, 449 F.2d at 648. Here, the district court did not provide a statement of reasons justifying the denial and no reason readily apparent on this record justifies the district court's denial of amendment.

■ The propriety of a motion for leave to amend is generally determined by reference to several factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Howey*, 481 F.2d at 1190.

The Fund argues, in conclusory fashion, that allowing amendment would be unduly prejudicial because a section 302 claim, (29 U.S.C. § 186), would involve factual issues not thoroughly examined through discovery, and because of the two-year span between the filing of the original complaint and the motion for leave to amend. Finally, the Fund asserts, in effect, that amendment would be futile because Hurn's section 302 claim is patently frivolous. There is no allegation of bad faith.

### A. Prejudice to the Fund

Keeping in mind that amendment should be freely granted to permit proper disposition on the merits, we cannot accept the Fund's contention that a disposition on the merits at this time would be unduly prejudicial. The Fund fails to point to any specific shortcomings in discovery presented by a new section 302 claim; nor is there any indication that the Fund has otherwise compromised its position by previously focusing on the ERISA claim. Moreover, the Fund should be fully prepared to litigate the substantive issues of a section 302 claim. The operative facts remain the same: Hurn challenges the suspension of his pension benefits for seeking union office. Bald assertions of prejudice cannot overcome the strong policy reflected in Rule 15(a) to "facilitate a proper disposition on the merits." *Conley*, 355 U.S. at 48, 78 S.Ct. at 103.

### B. Undue Delay

Hurn filed the motion for leave to amend approximately two years after the original complaint was filed.

■ Delay alone does not provide sufficient grounds for denying leave to amend: "Where there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion." *Howey*, 481 F.2d at 1190–91. In *Howey*, the denial of a motion for leave to amend was an abuse of discretion even though the motion was made 5 years after the original complaint was filed. Therefore, the delay effected by permitting an amendment to

---

**2.** Because we hold that the denial of leave to amend was error, we find it unnecessary to reach Hurn's claim that his original complaint stated a claim under 29 U.S.C. § 186.

the complaint cannot alone justify the denial of leave to amend.

## C. Futility of Amendment

The Fund's final contention is that Hurn's section 302 claim is patently frivolous, rendering amendment futile. We disagree. Hurn's section 302 claim alleges that it was arbitrary and capricious for the Fund to suspend his pension benefits merely because he sought union office. Section 302(c)(5) requires that a trust fund exist for the "sole and exclusive benefit of employees." A fund that authorizes the trustees arbitrarily and capriciously to exclude from eligibility certain employee-beneficiaries has a structural defect in that it fails to exist for the sole and exclusive benefit of all the employees. *Alvares v. Erickson*, 514 F.2d 156, 164–66 (9th Cir.), *cert. denied*, 423 U.S. 874, 96 S.Ct. 143, 46 L.Ed.2d 106 (1975). We therefore conclude that Hurn's claim is not frivolous and that amendment cannot be considered futile.

We find that the denial of leave to amend was an abuse of discretion. Therefore, the judgment of the district court is affirmed in part, reversed in part, and remanded to permit Hurn to amend his complaint to include a claim under section 302 of the Taft-Hartley Act.