**Venning WHITE, Plaintiff-Appellant,**

v.

**DISTRIBUTORS ASSOCIATION WAREHOUSEMEN'S PENSION TRUST; Industrial Employees and Distributors Association, Defendants-Appellees.**

No. 83–2610.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 10, 1984.

Decided Jan. 15, 1985.

Neal S. Dudovitz, Los Angeles, Cal., Jeffrey Lewis, Oakland, Cal., for plaintiff-appellant.

David S. Foster, Gary S. Fergus, Brobeck, Phleger & Harrison, San Francisco, Cal., for defendants-appellees.

Before BROWNING, and SNEED, Circuit Judges, and STEPHENS *, District Judge.

SNEED, Circuit Judge:

The plaintiff brought this suit against Distributors Association Warehousemen's Pension Trust (Pension Trust) and the Industrial Employees and Distributors Association (Association). He contends that the defendants violated fiduciary duties owed to him and that one of the pension eligibility rules they maintained violated the Employee Retirement Income Security Act's (ERISA's) prohibition of age discrimination. After discovery, the district court denied the plaintiff's motion for leave to amend his complaint and granted the defendants' motion for summary judgment on all claims against them. We affirm the district court's judgment with this exception. Plaintiff's motion to amend his complaint, in order to state a cause of action alleging violations of ERISA's requirement that the terms and conditions of pension plans be fully disclosed, should have been granted.

I.

FACTS AND PROCEEDINGS BELOW

The plaintiff has worked as a warehouseman for most of his adult life. In 1973, at age 52, he began work for an employer covered by collective bargaining and pension agreements previously negotiated between the Association and Warehouse Union Local 6, ILWU. Long before the plaintiff began his employment, the collective bargaining agreement had created a pen-

---

* Honorable Albert Lee Stephens, Jr., Senior United States District Judge for the Central District of California, sitting by designation.

sion trust and established detailed rules for its administration. From 1956 to 1976 one of these pension eligibility rules barred workers who began their employment after age fifty from any form of participation in the Pension Trust. The 1976 Pension Agreement, however, was negotiated shortly after Congress passed ERISA, 29 U.S.C. §§ 1001–1461 (1982). Because ERISA clearly prohibits the sort of age discrimination embodied in the Pension Trust's old rule, the new collective bargaining agreement contained a new participation rule for older workers. Section 3.2 of the 1976 agreement provided that employees who had begun work after age fifty but before age sixty could participate in the Pension Trust. The agreement also provided, however, that such employees would receive no "benefit credit" for any work performed before June 1, 1976, the date on which ERISA began to apply to the Pension Trust.[1] As applied to him, the rule ultimately would reduce the plaintiff's retirement income by approximately thirty-six dollars each month because it requires the Trust to disregard his service from 1973 to 1976 when calculating his pension benefits.

In 1979 the plaintiff first learned that the rule would reduce his pension benefits. In the suit that he then filed against the Association and the Pension Trust, the plaintiff sought declaratory and injunctive relief to assure that his work from 1973 to 1976 would count toward his pension benefits.

The original complaint, in three related counts (The Fiduciary Duty Claims), alleged that the Association and the Pension Trust violated fiduciary obligations created by ERISA, the Taft-Hartley Act, and state common law. In a fourth count (The Age Discrimination Claim), the plaintiff alleged that the 1976 rule regulating the participation of older workers in the Pension Trust violated ERISA's age discrimination prohibition.

After discovery, the plaintiff sought to amend his complaint. In three of the four proposed amendments the plaintiff: (1) would convert the lawsuit into a class action, (2) would add his union local as a defendant, and (3) would state a claim for breach of fiduciary duty under § 301 rather than § 302(c)(5) of the Taft-Hartley Act. In the fourth proposed amendment, the plaintiff would add a fifth, entirely new cause of action to his complaint, alleging violations of the ERISA-imposed duty to fully disclose the terms and conditions of eligibility in pension plans. Both the plaintiff and the defendants then moved for summary judgment. The district court entered judgment for the defendants and simultaneously denied the plaintiff's request to amend his complaint in all respects.

## II.

### THE FIDUCIARY DUTY CLAIMS

 The plaintiff argues that the Association and his union local violated a fiduciary duty to act "reasonably" in the collective bargaining sessions in which the pension eligibility rule at issue in this case was negotiated. His argument assumes that federal courts have the power to review the substantive terms of the agreements reached by collective bargaining. This assumption is false.

---

1. The agreement provides that:

 Any employee who commenced his Covered Employment with a Covered Employer after May 31, 1956, but prior to June 1, 1976, and who was over fifty (50) years of age but less than sixty (60) years of age at the date he commenced such Covered Employment shall not be entitled to any Pension Benefits under the Pension Plan with respect to any years of Credited Benefit Service rendered prior to June, 1976, but shall be entitled to participate in the Pension Plan commencing June 1, 1976, and shall be entitled to Pension Benefits based on Credited Benefit Service rendered after June 1, 1976. Any employee who commenced his Covered Employment with a Covered Employer at any time prior to June 1, 1976, or commences his Covered Employment at any time thereafter shall not participate in the Plan if he was or is sixty (60) years of age or older at the date he commenced or commences his Covered Employment with such Covered Employer, and he shall not be entitled to any Pension Benefits under the Pension Plan.

It is true, of course, that both ERISA and the Taft-Hartley Act require "fiduciaries" to act reasonably in fashioning and applying pension eligibility rules.[2] It is also true that, at least for some purposes, the defendants, as well as the plaintiff's union local, are subject to these fiduciary obligations. The defendants' behavior during collective bargaining sessions, however, is subject to different constraints. Ordinarily, the distinction between an employer's (or union's) role as a fiduciary and its role as a negotiator of a collective bargaining agreement is unimportant. That is so when an employer and union agree by collective bargaining to grant to pension fund trustees the power to establish pension eligibility rules. The trustees' duty to act reasonably in establishing such rules exists even though such a duty did not exist with respect to bargaining as such. In this case, however, the rules affecting the plaintiff's pension benefits were fixed by the collective bargaining process. Under these circumstances the rule in question is insulated from judicial review under ERISA or the Taft-Hartley Act. This result is in accord with a basic principle of labor law, *viz.*, that the parties to collective bargaining agreements generally are free to fashion whatever type of employment contract on which they are able to come to agreement. Also it is dictated by *United Mine Workers of America Health & Retirement Funds v. Robinson*, 455 U.S. 562, 102 S.Ct. 1226, 71 L.Ed.2d 419 (1982). There the Supreme Court applied this basic principle to bar judicial review of collectively bargained pension agreements. It held that pension eligibility rules that are the product of collective bargaining agreements cannot be reviewed for "reasonableness" under section 302(c)(5) of the Taft-Hartley Act, and observed that "when neither the collective-bargaining process nor its end product violates any command of Congress, a federal court has no authority to modify the substantive terms of a collective-bargaining contract." *Robinson*, 455 U.S. at 576, 102 S.Ct. at 1234 (footnote omitted).

This court has recognized the point. In *Hurn v. Retirement Fund Trust of Plumbing, Heating and Piping Industry of Southern California, (Hurn II),* 703 F.2d 386 (9th Cir.1983), we reached the merits of a challenge to the reasonableness of the actions of *trustees* who had broad discretion in the administration of a pension fund. At the same time, however, we frankly acknowledged that our holding would have been "otherwise had the details of the [pension] Fund been worked out in collective bargaining." *Id.* at 389 (citing *Robinson* ). *Accord, Music v. Western Conference of Teamsters Pension Trust Fund,* 712 F.2d 413, 417 (9th Cir.1983); *Elser v. IAM National Pension Fund,* 684 F.2d 648, 653 (9th Cir.1982), *cert. denied,* — U.S. —, 104 S.Ct. 67, 78 L.Ed.2d 82 (1983).

The plaintiff attempts to restrict *Robinson* and its progeny to suits brought under section 302(c)(5) of the Taft-Hartley Act. The plaintiff argues that his suit states a claim under section 404 of ERISA and thus is not governed by *Robinson.* We disagree.

Both section 404 of ERISA, 29 U.S.C. § 1104 (1982), and section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5) (1982), subject the actions of pension trustees to review under the identical standard of reasonableness. *See NLRB v. Amax Coal Co.,* 453 U.S. 322, 332, 101 S.Ct. 2789, 2795, 69 L.Ed.2d 672 (1981) ("ERISA essentially codified the strict fiduciary standards that a § 302(c)(5) trustee must meet"); *Elser,* 684 F.2d at 654 ("The actions of trustees are subject to the same standard of review under the ERISA's fiduciary provisions as they are under the LMRA [i.e., the Taft-Hartley Act]."). The plaintiff has suggested no reason why *Rob-*

---

**2.** Section 404 of ERISA requires that fiduciaries discharge their duties with respect to pension plans "solely in the interest of the participants and beneficiaries ...." 29 U.S.C. § 1104(a)(1) (1982). Section 302(c)(5) of the Taft-Hartley

Act requires that pension funds subject to its provisions be maintained "for the sole and exclusive benefit of the employees..., their families and dependents ...." 29 U.S.C. § 186(c)(5) (1982).

*inson*'s principle should become inapplicable merely because a lawsuit is brought under ERISA rather than Taft-Hartley. We believe no satisfactory explanation exists. The intention of Congress, as explicated in *Robinson*, is applicable to section 404 of ERISA, as well as to section 302(c)(5) of the Taft-Hartley Act.

## III.

### THE AGE DISCRIMINATION CLAIM

The *Robinson* principle is not, however, absolute. It is, of course, unlawful for an employer and union to reach an agreement that violates applicable federal laws. *See Robinson*, 455 U.S. at 575, 102 S.Ct. at 1234. Seeking to take advantage of this limitation, the plaintiff has alleged that the agreement between the Association and his union local violates ERISA's prohibition of age discrimination. The issue thus raised is a difficult one.

The starting point in our analysis is section 202 of ERISA, 29 U.S.C. § 1052(a)(2) (1982), which provides that "No pension plan may exclude from participation (on the basis of age) employees who have attained a specified age, unless ... such employees begin employment with the employer after they have attained a specified age which is not more than 5 years before the normal retirement age under the plan." The normal retirement age under the pension plan in this case is 65. ERISA therefore prohibits its "exclu[sion] from participation (on the basis of age)" all employees who began work at age 60 or before. The plaintiff, having begun work when he was 53, is thus within the class protected by ERISA against age discrimination.

█ The district court, however, found that this otherwise applicable protection was not available to the plaintiff because Congress expressly provided that ERISA would be given no retroactive effect.[3] The district court took section 211(b)(2) of ERISA to mean that the age discrimination

provision, which took effect in 1976, did not affect the defendants' decision to deny the plaintiff any benefit credit for work performed before ERISA's effective date. We agree with the district court.

*Ponce v. Construction Laborers Pension Trust for Southern California*, 628 F.2d 537 (9th Cir.1980), supports this conclusion. There we declined to apply ERISA's mandatory vesting provisions to benefits that had been forfeited under a pre-ERISA plan rule. *See also Smith v. CMTA–IAM Pension Trust*, 654 F.2d 650 (9th Cir. 1981). Although the rule at issue contravened ERISA's mandatory vesting provisions, we held that the rule remained applicable to service completed *before* the effective date of ERISA. To hold otherwise, we concluded, would be inconsistent with express congressional intent that the statute not be applied retroactively. *Ponce*, 628 F.2d at 541. That holding guides our decision here. To apply ERISA's age discrimination provisions in a manner that would create benefit credit where none existed before—in the three years before the effective date of ERISA—also would be inconsistent with the decision of Congress not to make ERISA's vesting rules retroactive.

The plaintiff argues, however, that his case falls within a narrow exception to the general policy against retroactivity. In *Lafferty v. Solar Turbines International*, 666 F.2d 408 (9th Cir.1982), we acknowledged that "[u]nder some circumstances," we would apply ERISA "to a cause of action based, in part, on acts occurring before ERISA became effective ...." *Id.* at 410. The *Lafferty* plaintiffs had made voluntary contributions to a pension plan established long before the enactment of ERISA. They challenged their employer's decision, made after ERISA's effective date, to allow employees who had not contributed to the trust to receive benefits under the pension plan. The court distinguished these facts from the ordinary situ-

---

**3.** Section 211(b)(2) of ERISA, 29 U.S.C. § 1061(b)(2) (1982) specifically provides that "in the case of a plan in existence on January 1,

1974, this part [which includes the age discrimination provision] shall apply in the case of plan years beginning after December 31, 1975."

ation in which ERISA is denied retroactive effect.

> In each of the other cases [in which ERISA was given no retroactive application at all], the acts after [ERISA's effective] date were merely formalities adjunct to a set of acts before the [effective] date which were more substantially related to the cause of action.

> . . . . .

> We conclude that where ... the only substantial acts contributing to a cause of action occur after the [effective] date, ERISA is applicable to the cause of action.

*Id.*

The *Lafferty* exception is inapplicable to this case, however. Although the "form-substance" distinction is always elusive, the only "substantial act" relevant to the plaintiff's cause of action was a decision made long *before* ERISA's effective date. That decision *excluded* older workers from participation in the pension trust. It is to ERISA that the plaintiff must look to obtain the breath of life for his cause of action. To make ERISA's enactment the *Lafferty*-required "substantial act" is to assert, contrary to congressional intent, that ERISA is retroactive. *See Ponce,* 628 F.2d at 539–41.

The 1976 enunciation of the rule excluding the plaintiff's pre-ERISA service from the calculation of his pension benefits was only a formal act of denial of benefits to which he was never entitled. It was not a "substantial act" contributing to his cause of action. It was only a requiem for what might have been but never was. In effect, it only restated the benefit credit rules that had existed up to the time that ERISA's provisions became applicable to the Pension Trust. It took nothing away. It did not treat the plaintiff less favorably than the old rule. Had the 1976 collective bargaining agreement simply failed to restate the pre-ERISA benefit credit rules, the plaintiff now would have no basis for asserting that his pre-ERISA service should count toward his retirement benefits. Under such circumstances there would be no post-

ERISA act, substantial or insubstantial, to which his cause of action could be related.

The district court properly granted the defendant's motion for summary judgment on the age discrimination claim.

## IV.

## THE PLAINTIFF'S MOTION TO AMEND

■ The district court did not abuse its discretion when it denied the plaintiff's motion to amend his complaint in order to convert the lawsuit into a class action, to add his union local as a defendant in the fiduciary duty claims, and to state a claim under the Taft-Hartley Act. The plaintiff now concedes that these amendments would be useless unless we reversed the district court's judgment on the age discrimination or breach of fiduciary duty claims. Our affirmance of that part of the judgment, therefore, requires that we affirm the district court's denial of the plaintiff's motion to amend, at least with respect to the first three of his four proposed amendments. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

■ His fourth proposed amendment, however, sought to state a fifth, entirely independent cause of action. That amendment alleged that the defendants violated section 104 of ERISA, 29 U.S.C. § 1024 (1982), which requires the administrators of pension trusts to file and furnish certain information regarding employee benefit plans. The district court gave no independent reason for its denial of this part of the motion. The reasons that it gave for denying the other proposed amendments do not apply to this amendment because the duty to disclose under section 1024 was not collectively bargained by the parties, and the *Robinson* principle does not apply. As we have said, "a denial [of leave to amend] without stated reasons, where the reasons are not readily apparent, constitutes an abuse of discretion." *Hurn v. Retirement Fund Trust of Plumbing, Heating and Piping Industry of Southern California*

*(Hurn I)*, 648 F.2d 1252, 1254 (9th Cir. 1981). We therefore reverse that part of the district court's judgment denying the plaintiff leave to amend his complaint to state a cause of action under section 104 of ERISA.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.