977 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harold A. PETERSON; Mary J. Peterson, Plaintiffs-Appellants,
v.
SOO LINE RAILROAD COMPANY; DCA Health Care Management
Group, Inc., Defendants-Appellees.
 No. 91-35659.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 9, 1992.
Decided Oct. 15, 1992.
 
 Before JAMES R. BROWNING, DAVID R. THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 In this diversity action, Harold A. Peterson and Mary J. Peterson ("the Petersons") appeal the district court's summary judgment holding that their state law claims were preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. (1985) ("ERISA"). The Petersons further contend that they were improperly denied an opportunity to amend their complaint to add additional state law claims. We have jurisdiction under 28 U.S.C. § 1291 (1966), and we affirm.
 
 DISCUSSION
 
 3
 Summary judgment is "appropriate only when no genuine issue of material fact exists and the moving party is clearly entitled to prevail as a matter of law." Green v. Los Angeles County Superintendent of Schools, 883 F.2d 1472, 1475 (9th Cir.1989). Within the context of this case, if ERISA preempts the Petersons' state law claims, then the defendants are entitled to summary judgment.
 
 
 4
 " '[T]he question whether a certain state action is preempted by federal law is one of congressional intent.' " Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 45 (1987) (quoting Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 208 (1985)). ERISA's preemption provision is "deliberately expansive, and designed to 'establish pension plan regulation as exclusively a federal concern.' " Pilot Life, 481 U.S. at 46 (citation omitted). Moreover, it has recently been described by the Supreme Court as "conspicuous for its breadth." FMC Corp. v. Holliday, 498 U.S. ----, ----, 111 S.Ct. 403, 407 (1990). It provides for federal preemption of "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a)...." 29 U.S.C. § 1144(a) (1985) (emphasis added). The question on which this appeal turns, then, is whether the Petersons' state law claims "relate to" Soo Line Railroad Company's ("Soo Line") employee health care plan.
 
 
 5
 The Petersons argue that they are claiming damages which they suffered because they relied on statements made by representatives of DCA Health Care Management Group ("DCA"), rather than benefits due under Soo Line's employee benefit plan. As a consequence, they contend their claim does not relate to Soo Line's plan and is not preempted by ERISA. We understand this argument, but we reject it.
 
 
 6
 State law claims which "arise from the administration of [an ERISA governed] plan[ ] ..." are preempted. Scott v. Gulf Oil Corp., 754 F.2d 1499, 1504 (9th Cir.1985); see also Greany v. Western Farm Bureau Life Ins. Co., 1992 U.S. App.LEXIS 20462 (9th Cir.). In determining whether a claim is preempted, it is necessary to decide whether "the conduct challenged ... was part of the administration of an employee benefit plan." Scott, 754 F.2d at 1505.
 
 
 7
 In Greany, the plaintiff had left the defendant's employ on July 31, 1983, believing his family was covered by the defendant's group health plan until August 31, 1983. In fact, the coverage terminated August 1, 1983. There was, however, at least one notice from the insurer to the plaintiffs stating that coverage terminated August 31, 1983. Unfortunately, the plaintiff's wife gave birth prematurely in the interim, to a baby that needed extensive medical care. When the insurer refused coverage, the plaintiff brought suit asserting several common law causes of action.
 
 
 8
 In analyzing the case, we noted that despite attempts by the plaintiff to recharacterize the relationship between the parties, "[i]n reality, the Greanys challenge[d] the administration of ERISA plan benefits, ..." Greany v. Western Farm Bureau Life Ins. Co., 1992 U.S.App.LEXIS 20462. We said this was so because the employer's conduct "was merely a continuation of the duties it has as an employer in providing the group plan." Id. As a result, the state claims were preempted by ERISA.
 
 
 9
 Similarly, in this case, the conduct challenged was part of the administration of an ERISA plan. DCA's representative's statements, which the Petersons claim to have relied on, were made, if at all, while administering Soo Line's employee benefit plan. Soo Line had hired DCA to administer its plan, and that is how the Petersons came into contact with DCA. Mary Peterson did not call DCA at random to request assistance with Heather's medical bills. She called it to ask about coverage because she thought that Heather was a beneficiary under Soo Line's plan. DCA's answers to Mary Peterson's inquiries, regardless of their substance, were thus provided in furtherance of its duty to administer the plan. As a result, as in Greany, any causes of action which arose from DCA's answers, as the Petersons' claims surely did, necessarily relate to the ERISA-governed plan and are therefore preempted by ERISA.
 
 
 10
 Moreover, where the existence of an ERISA-governed plan is a "critical factor" in establishing a state law claim, ERISA preempts it. Ingersoll-Rand Co. v. McClendon, --- U.S. ----, ----, 111 S.Ct. 478, 483 (1990). In Ingersoll, the plaintiffs had filed a state law wrongful discharge claim alleging that their employer fired them to avoid paying benefits which would otherwise have become due. The Court held that, as the benefit plan's existence was a critical factor in their claim, the claim related to the plan and ERISA preempted it.
 
 
 11
 In the present case, the relation between the state law claims and the benefit plan is even closer. Here, the gravamen of the Petersons' state law claims is that they relied on DCA's statements and suffered damages as a result. Even if DCA made the statements alleged, the Petersons' cause of action requires the existence of a plan because it requires their reliance to have been reasonable. See Trad Industries, Ltd. v. Brogan, 246 Mont. 439, 446 (1991) (dicta); Keil v. Glacier Park, Inc., 188 Mont. 455, 462 (1980) (dicta); see also Restatement of Contracts § 90 (1932). If the Petersons did not believe Heather was covered by the plan, no reliance on DCA's promises to pay for her health care could possibly have been reasonable. Consequently, as in Ingersoll, "the existence of a ... plan is a critical factor in establishing liability under the State [claims]" and the state claims are thus preempted.
 
 
 12
 Despite the relationship discussed between the Petersons' state law claims and the Soo Line benefit plan, the Petersons argue that neither of them is either a participant in or a beneficiary of the Soo Line plan as defined by 29 U.S.C. § 1002(7), (8) (1985). They contend that as a result, if they are denied their state law claims they will be left with no remedy. Thus, they argue, their state law claims cannot be preempted.
 
 
 13
 In the first instance, it may be that if benefits were due to Heather, she had a cause of action under ERISA. The Petersons' argument, however, must be rejected for an even more fundamental reason. As this court has previously held, "[t]here is simply no reason to assume that Congress intended ERISA's preemption reach to be coextensive with the Act's civil remedial scheme." Olson v. General Dynamics Corp., 951 F.2d 1123 (9th Cir.1991); see also Porcaro v. The Colonial Life Insurance Co. of America, 1991 U.S.Dist.LEXIS 15800 (W.D.Va.). Preemption of a party's common law remedy is not dependent on the existence of an ERISA remedy.
 
 
 14
 Finally, the Petersons contend they should have been allowed to amend their complaint and that the district court improperly denied their motion to do so. We disagree. Based on the foregoing analysis, any additional state law claims for benefits which were denied under the plan, or for damages because the benefits were denied, would be preempted by ERISA. As a result, the Petersons' proposed amendment would be futile. Futility being a proper ground for refusing to allow an amendment, Hurn v. Retirement Fund Trust, 648 F.2d 1252 (9th Cir.1981), the district court's denial of the motion to amend was proper.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3