15 F.3d 1083
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 James BURGETT; Judy Burgett, Plaintiffs-Appellants,
v.
CIGNA CORPORATION; Cravens Dargan, Defendants-Appellees.
 No. 92-16104.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1993.
Decided Jan. 4, 1994.
 
 Before: TANG, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Judy Burgett ("Mrs. Burgett"), personally and as the administrator of the estate of her husband James Burgett, appeals the district court's denial of leave to file a fourth amended complaint. She argues that the district court abused its discretion when it denied leave to amend on the grounds of undue delay, prejudice, repeated failure to remedy defects in pleadings, and futility. We affirm.
 
 I.
 
 3
 This court reviews the denial of leave to amend under Rule 15(a) of the Federal Rules of Civil Procedure for an abuse of discretion, but such a denial is strictly reviewed in light of the strong policy permitting amendment. Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991). Whether leave to amend should be granted under Rule 15(a) is generally determined by considering the following factors: undue delay; bad faith; futility of amendment; and prejudice to the opposing party. Id.
 
 
 4
 Mrs. Burgett requested leave to file a fourth amended complaint to allege that her husband's employer, Cravens Dargan, a subsidiary of CIGNA Corporation, failed, as required by 29 U.S.C. Secs. 1161-1168, to notify her or her husband of their right to convert group life insurance coverage to individual coverage upon her husband's termination. This request for leave to amend was made nearly four years after the commencement of this case, and after three previous amendments.
 
 
 5
 Mrs. Burgett argues this delay was justified because she did not have knowledge that her husband was uncovered by his previous life insurance policy until September 10, 1991. Nevertheless, the fact remains that Mrs. Burgett waited until February 3, 1992, more than four and one half months later, to request leave to file a fourth amended complaint. This was after the pretrial conference, the discovery deadline, and the deadline for nondispositive motions, with a trial date scheduled for March 17, 1992. The district court did not abuse its discretion in finding this delay to be undue. See Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir.1990) (holding that an eight month delay from the time of obtaining facts until filing an amended complaint was unreasonable); Schlacter-Jones v. General Telephone, 936 F.2d 435, 443 (9th Cir.1990) (holding that the timing of a motion to amend, after the parties had conducted discovery and a pending summary judgment motion had been fully briefed, weighed heavily against allowing leave).
 
 
 6
 However, undue delay alone is not a sufficient ground for denying leave to amend. Hurn v. Retirement Fund Trust of the Plumbing, Heating and Piping Industry, 648 F.2d 1252, 1254 (9th Cir.1981). Undue delay must be accompanied by prejudice. Id.; Jackson, 902 F.2d at 1387. The time and expense of continued litigation, with the possibility of additional discovery, can cause prejudice. Jackson, at 1387-88; Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160-61 (9th Cir.1989).
 
 
 7
 Certainly, allowing Mrs. Burgett leave to amend would have prolonged the litigation of this case. Mrs. Burgett's proposed fourth amended complaint would have generated additional discovery requests, and the trial date, only six weeks away, would have had to have been rescheduled. Under these circumstances, the district court did not abuse its discretion by finding prejudice.
 
 
 8
 As there was both undue delay and prejudice, the district court did not abuse its discretion in denying Mrs. Burgett leave to file a fourth amended complaint.[1]
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Mrs. Burgett also argues that the her motion for leave to amend was improperly treated as a motion for summary judgement. We have considered and rejected this argument