139 F.3d 906
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Los Angeles Sheet Metal Workers' Joint Apprenticeship
Training Committee Plaintiff-Appellant,
v.
Dale WALTER; Margie Chapman; Does, 1-75 Defendants-Appellees.
 No. 96-56573.
D.C. No. CV-96-03792-JSL.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Feb. 5, 1998**.
Decided Feb. 10, 1998.
 
 Appeal from the United States District Court for the Central District of California J. Spencer Letts, District Judge, Presiding.
 Before PREGERSON, BEEZER and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff appeals the district court's decision to dismiss the complaint without leave to amend. Because the district court offered no reasons for its decision and because such reasons are not clearly apparent in the record, we reverse and remand.
 
 
 3
 Under Rule 15(a) of the Federal Rules of Civil Procedure, a plaintiff may amend the complaint once "as a matter of course" before the defendant files a responsive pleading. Fed.R.Civ.P. 15(a). After that, the plaintiff may amend the complaint "only by leave of court or by written consent of the adverse party ... and leave shall be freely given when justice so requires." Id.
 
 
 4
 Following the Supreme Court's instructions to "heed carefully the command of Rule 15(a)," Howey v. United States, 481 F.2d 1187, 1190 (9th Cir.1973) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)), this court has repeatedly emphasized that "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality," ' DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987) (quoting United States v. Webb, 655 F.2d 977, 979 (9th Cir.1981) (citations omitted)). This liberality in granting leave to amend is "subject to the qualification that amendment of the complaint does not cause the opposing party undue prejudice, is not sought in bad faith, and does not constitute an exercise in futility." DCD Programs, 833 F.2d at 186 (citations omitted).
 
 
 5
 If a district court decides to deny leave to amend, it should issue written findings explaining its decision. Id. Otherwise, the decision will be reversed on appeal unless the record clearly indicates what the district court's reasons were. Id.; see Hurn v. Retirement Fund Trust of Plumbing, 648 F.2d 1252, 1254 (9th Cir.1981) ("a denial without stated reasons, where the reasons are not readily apparent, constitutes an abuse of discretion"). As the Supreme Court has stated, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and [is] inconsistent with the spirit of the Federal Rules." Foman, 371 U.S. at 182.
 
 
 6
 The district court's order dismissing Plaintiff's complaint without leave to amend is accompanied by neither written findings nor an oral explanation. Because the district court gave no express rationale for its decision, we must look to the record to determine whether the reasons for the district court's decision are clearly apparent. Specifically, we must search for evidence of bad faith by Plaintiff, prejudice to Defendants, or futility of amendment.
 
 
 7
 The record contains no evidence of bad faith or prejudice, and Defendants do not argue that the district court relied on bad faith or prejudice when it denied Plaintiff's motion for leave to amend the complaint. Thus, by process of elimination, it appears that the district court based its decision on futility of amendment.
 
 
 8
 An amendment is futile when "it appears beyond doubt" that the plaintiff could "prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). If the underlying facts or circumstances could possibly "be a proper subject of relief, [a plaintiff] ought to be afforded an opportunity to test his claim on the merits." Foman, 371 U.S. at 182. Therefore, "if, after reviewing the record, this court finds a colorable ... claim ..., it must reverse the district court's denial of leave to amend." DCD Programs, 833 F.2d at 188.
 
 
 9
 Defendants argue that none of Plaintiff's four claims are colorable because Plaintiff failed to properly allege causation and fiduciary duty and because employees of banks--as opposed to the banks themselves--are not liable for torts committed in the course of their employment. Defendants also attack Plaintiff's misrepresentation claim in particular by arguing that a mere failure to perform a promise does not constitute negligent misrepresentation. We find Defendants' arguments unavailing for several reasons.
 
 
 10
 First, as we read the complaint, Plaintiff did allege causation. Plaintiff alleged that Defendants promised to transfer Plaintiff's money and that Plaintiff did not take any other action to protect itself because Defendants said that the money was being transferred. This caused Plaintiff to lose money that it would not have lost had Defendants either kept their promise or refrained from giving false assurances.
 
 
 11
 Despite Defendants' arguments to the contrary, the complaint does not admit that Defendants did exactly what Plaintiff told them to do. In fact, the whole tenor of the complaint is that Defendants did not do what Plaintiff told them to do: Plaintiff told Defendants to immediately transfer the funds, but instead of doing so, Defendants waited until it was too late.
 
 
 12
 Defendants' alternative causation argument--that the FDIC's seizure of the bank was an intervening event that cuts off causation--is also without merit. An intervening event cuts off causation only if it is unforeseeable. Landeros v. Flood, 17 Cal.3d 399, 131 Cal.Rptr. 69, 551 P.2d 389, 395 (Cal.1976) ("It is well settled in this state ... that an intervening act does not amount to a 'superseding cause' relieving the negligent defendant of liability if it was reasonably foreseeable ...." (citation ommitted)). The FDIC's seizure of the bank was not unforeseeable. Indeed, Plaintiff met with the bank officials and sought the immediate transfer of Plaintiff's money to avoid the risk that the bank would not be able to return the money later. The FDIC's seizure of the bank was certainly within this risk. See Torres v. Xomox Corp., 49 Cal.App.4th 1, 56 Cal.Rptr.2d 455, 467 (Cal.App.1996) (" 'The foreseeability required is of the risk of harm, not of the particular intervening act....' 6 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 976, p. 367."). The complaint therefore sufficiently alleged causation.
 
 
 13
 Plaintiff argues that the complaint sufficiently alleged fiduciary duty as well.[1] We need not reach this issue, however, because any insufficiency in the fiduciary duty allegations can easily be cured with an amendment. The fact that bank employees do not necessarily owe a fiduciary duty to their depositors, see Copesky v. Superior Court, 229 Cal.App.3d 678, 280 Cal.Rptr. 338, 346 n. 12, 348 (Cal.App.1991), does not mean that such a relationship could never arise between a bank employee and a depositor. A fiduciary duty can arise from special circumstances even though there would be no fiduciary duty in the absence of such circumstances. See Kudokas v. Balkus, 26 Cal.App.3d 744, 103 Cal.Rptr. 318, 321 (Cal.App.1972) (existence of a fiduciary relationship depends on circumstances of each case). If given the opportunity to amend, Plaintiff could allege such special circumstances in the complaint--if it has not done so already. Nothing in the record suggests "beyond doubt" that Plaintiff could "prove no set of facts" establishing fiduciary duty. Conley, 355 U.S. at 45-46.
 
 
 14
 Defendants' next argument--that "bank employees are not personally liable to third parties for conduct undertaken in the course and scope of their employment"--fails for the simple reason that it flatly misstates the law. Even the cases that Defendants rely on to support their argument recognize that bank officers may be liable for their torts: "directors and officers of a corporation may become liable for the corporation's tortious conduct if they 'directly ordered, authorized or participated in the tortious conduct." ' Black v. Bank of America, 30 Cal.App.4th 1, 35 Cal.Rptr.2d 725, 729 n. 4 (Cal.App.1994) (citation omitted); see also United States Liab. Ins. Co. v. Haidinger-Hayes, Inc., 1 Cal.3d 586, 83 Cal.Rptr. 418, 463 P.2d 770, 775 (Cal.1970) (stating that "officers of a corporation do not incur personal liability for torts of the corporation ... unless they participate in the wrong or authorize or direct that it be done").
 
 
 15
 Finally, Defendants' misrepresentation argument is also flawed. In part, Defendants are right: a person does not state a misrepresentation claim by merely alleging a broken promise. But a broken promise is not all that Plaintiff alleged. In the complaint, Plaintiff alleged that Defendants promised to transfer the funds without any reasonable ground for believing that they could do so. This additional allegation takes this case out of the "mere promise" category. See Bily v. Arthur Young & Co., 3 Cal.4th 370, 11 Cal.Rptr.2d 51, 834 P.2d 745, 773 (Cal.1992) (stating that a statement made without knowing whether it is true or false constitutes actionable misrepresentation). Moreover, Plaintiff alleged that one of Defendants misrepresented a fact when she falsely stated that Plaintiff's money was currently being transferred out of the bank. As even Defendants admit, a false statement of fact constitutes actionable misrepresentation.
 
 
 16
 For these reasons, we conclude that there are no clearly apparent reasons in the record for finding that an amendment to the complaint would have been futile. Accordingly, we reverse the district court's decision. On remand, the district court should either deny Defendants' motion to dismiss or grant Defendants' motion, issue written findings supporting its decision, and grant Plaintiff's motion for leave to amend.
 
 
 17
 REVERSED AND REMANDED.
 
 
 
 **
 The panel unanimously found this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Defendants argue that Plaintiff's failure to allege fiduciary duty subjects all of Plaintiff's claims to dismissal. But because fiduciary duty is an element of only one of Plaintiff's claims (suppression), a failure to allege that element would subject only the suppression claim to dismissal. The remaining claims for misrepresentation, negligence, and promissory estoppel would be unaffected