Guy FELTON, Plaintiff—Appellant,

v.

Jerry HOOVER, et al., Defendants— Appellees.

No. 01–17456.

D.C. No. CV–99–00688–DWH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2003.

Decided March 4, 2003.

---

sitting by designation.

Before BEEZER, THOMAS and CLIFTON, Circuit Judges.

### MEMORANDUM*

Guy Felton sued the city of Reno and several of its employees under 42 U.S.C. § 1983. The district court dismissed claims I–IV of Felton's complaint without granting leave to amend. Felton argues (1) that the dismissal was erroneous, and (2) that the district court abused its discretion by denying leave to amend. We reverse and remand.

As the parties are familiar with the facts, we recite them only as necessary. We review *de novo* a dismissal for failure to state a claim. *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001), *amended by* 275 F.3d 1187 (9th Cir.2001). We review a denial of leave to amend for abuse of discretion. *Simon v. Value Behavioral Health, Inc.,* 208 F.3d 1073, 1084 (9th Cir.2000), *amended by* 234 F.3d 428 (9th Cir.2000).

The dismissal of claims I–IV was arguably proper because the allegations as pleaded in the complaint were merely conclusory, *see Sprewell,* 266 F.3d at 988, but Felton was capable of stating more specific allegations and in his opposition papers asked for leave to amend in case the district court was inclined to grant Defendants' motion to dismiss. When it granted the motion to dismiss, the district court abused its discretion by not granting Felton leave to amend. Though Felton should have been more diligent thereafter in seeking clarification from the district court or in moving formally for leave, with a proposed form of amended complaint, the district court's silence in the face of Felton's informal request for leave to · amend amounted to a denial. *See Knevel-*

*baard Dairies v. Kraft Foods, Inc.,* 232 F.3d 979, 983 (9th Cir.2000). Leave to amend, whether requested or not, should be granted unless amendment would be futile. *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir.1986). There is no showing of futility on the record.

Nor do Defendants show undue prejudice. They fail to show how the vacating of Felton's depositions has prejudiced them. Defendant Mayor Jeff Griffin's assertion of campaign prejudice is completely speculative, and by now the election has passed, in any event. Absent undue prejudice, there is no basis for denying leave to amend, even if there has been undue delay (an issue we need not decide). *See Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Indus. of Southern Cal.,* 648 F.2d 1252, 1254 (9th Cir.1981).

REVERSED and REMANDED.

BEEZER, Circuit Judge, concurring.

I concur in the judgment of the court. Rather than reverse the district court's decision on the leave to amend motion, I would reverse the district court's dismissal of the first four claims of the complaint. Claims I–IV as originally drafted should be allowed to go forward.

The Supreme Court in *Swierkiewicz v. Sorema,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), emphasizes the importance of a liberal notice pleading system under Fed.R.Civ.P. 8(a) that gives fair notice of the basis for petitioner's claims. The Supreme Court states, "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding. Moreover, claims lacking merit may be

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

dealt with through summary judgment under Rule 56. The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim." 534 U.S. at 514.

In this case, the complaint alleged,

III. Defendant Hoover is sued in his individual capacity. On November 23, 1999 he was Chief of Police. He was acting within the scope of his employment with the City of Reno.

IV. Defendant Griffin is sued in his individual capacity. On November 23, 1999 he was Mayor of the City of Reno. He was acting within the scope of his employment with the City of Reno.

V. Defendant McNeely is sued in his individual capacity. On November 23, 1999, he was City Manager of the City of Reno. He was within the scope of his employment with the City of Reno at the time.

VI. Bill Lange is sued in his individual capacity. On November 23, 1999, he was a police officer with the City of Reno acting within the course and scope of his employment.

VII. The City of Reno is a municipal corporation. At all times, the individual Defendants acted under color of state law pursuant to a custom or policy of Defendant City of Reno.

VIII. On November 23, 1999, Plaintiff, in the normal course of proceedings at a Reno City Council meeting, was engaging in free speech under the first amendment to the United States Constitution.

IX. Defendants, in concert, directed or caused or participated in the detention, arrest, and imprisonment of Plaintiff without reasonable suspicion that he had committed any crime, without probable cause to believe that he had committed any crime, and for the purpose of chilling his free speech and punishing his free speech under the first amendment to the United States Constitution.

X. Defendants' conduct in this regard violated Plaintiff's right under the fourth amendment to be free from unreasonable seizure.

XI. Defendants' conduct violated Plaintiff's right under the first amendment to free speech.

The district court held that the complaint was conclusory. However, under the liberal requirements of notice pleading, the complaint clearly put the defendants on notice. The complaint identified the defendants and explained that the defendants directed, caused or participated in plaintiff's arrest in violation of the First Amendment during a Reno City Council meeting on November 23, 1999. The complaint answered the key questions of who acted, when they acted, where they acted, and what rights they violated. At oral argument, defense counsel conceded that the defendants were aware of what incident was at issue.

Although defense counsel argues that the particular conduct challenged against each defendant was not specified, any difficulties in filing an answer could be addressed through a motion under Fed. R.Civ.P. 12(e).

I would set aside the district court's order dismissing plaintiff's first four claims and remand the case for further proceedings. I concur in the judgment of the court.

THOMAS, Circuit Judge, dissenting.

I respectfully dissent. In this case, the district court dismissed some of plaintiff's claims against some of the defendants, but allowed the litigation to proceed on other portions of the plaintiff's complaint. A discovery schedule was then established,

which contained a deadline for making motions to amend the pleadings. The parties then filed a stipulation which provided that: "The parties hereby stipulate and agree that following the Court's Order granting in part and denying in part the motion to dismiss, the remaining claim shall be limited to a facial challenge to the subject statute only."

Given the fact that the entire action was not dismissed, that the plaintiff had an opportunity during the litigation to amend his pleading, and that the plaintiff stipulated to a narrowing of issues in the litigation without reserving any claims, I cannot agree that the district court committed reversible error by not *sua sponte* granting specific leave to amend in its initial order dismissing some of the claims.

This case is distinguishable from those cases in which we have held that a district court must grant leave to amend when it dismissing an action. *See, e.g., Lee v. City of Los Angeles,* 250 F.3d 668, 692 (9th Cir.2001). In those cases, the district court had dismissed the entire action without leave to amend, an act which resulted in the termination of the litigation without affording the plaintiff any avenue of relief. Here, the plaintiff had the opportunity to submit amended pleadings, but chose instead to voluntarily limit the issues in the litigation.

I also see no error in the district court's dismissal of the claims. Felton alleged that the defendant's acted "in concert" to deprive him of his constitutional rights. He is therefore subject to the heightened pleading standards attendant upon a § 1983 conspiracy claim. *See Burns v. County of King,* 883 F.2d 819, 821 (9th Cir.1989) ("To state a claim for conspiracy to violate one's constitutional rights under § 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy."). Further, Felton is subject to the heightened pleading standard because he has made allegations of subjective intent-that defendants acted "for the purpose of chilling his free speech and punishing his free speech." *See Harris v. Roderick,* 126 F.3d 1189 (9th Cir. 1997) ("The heightened pleading standard must be met in cases in which the subjective intent of the defendant is an element of the claim.").

Because the complaint alleges no specific facts to support Felton's allegations, the district court properly dismissed the claims. *See Dumas v. Kipp III,* 90 F.3d 386 (9th Cir.1996) (dismissing § 1983 claim alleging deprivation of free speech rights and retaliatory discharge for failure to allege sufficient facts to support the charges).

For these reasons, I respectfully dissent.