**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEVIN LUCEY, | No. 09-15996 |
| Plaintiff-Appellant, | D.C. No. 2:07-cv-658-RLH-RJJ |
| v. | |
| THE STATE OF NEVADA EX. REL. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of the UNIVERSITY OF NEVADA, LAS VEGAS; REBECCA MILLS; RICHARD CLARK; PHILLIP BURNS; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, District Judge, Presiding

Submitted May 13, 2010[**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: RYMER and McKEOWN, Circuit Judges, and FAWSETT, Senior District Judge.[***]

This case concerns disciplinary sanctions imposed against plaintiff Kevin Lucey for incidents occurring while he was enrolled as a student at the University of Nevada, Las Vegas ("UNLV") during the fall 2006 semester.

We review de novo the district court's dismissal for failure to state a claim of Lucey's due process claim under 42 U.S.C. § 1983 arising out of the sanctions imposed at the hearing on December 4, 2006 ("December 4 Hearing"). *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). We review the district court's denial of leave to Lucey to amend his complaint for abuse of discretion. *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009).

On the facts alleged, Lucey's right to procedural due process at the December 4 Hearing was satisfied because Lucey was subject to sanctions less than suspension or expulsion and received "some kind of notice and [was] afforded some kind of hearing." *Goss v. Lopez*, 419 U.S. 565, 579 (1975). Therefore, the district court properly dismissed Lucey's § 1983 procedural due process claim concerning the December 4 Hearing. Although Lucey faults the district court for denying leave to amend without reasons, the court explained that Lucey's proposed amendment added

___

[***] The Honorable Patricia C. Fawsett, Senior United States District Judge for the Middle District of Florida, sitting by designation.

2

nothing new when it denied Lucey's Motion for Leave to Amend.  We see no abuse of discretion.  Further, the undisputed evidence developed in the record on motion for summary judgment shows that Lucey's procedural and substantive due process rights were not violated by the procedures for, the conduct of, or the results of either the December 4 Hearing or the hearing on July 9, 2007 ("July 9 Hearing").  *Cf. Hurn v. Ret. Fund Trust of Plumbing, Heating & Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254-55 (9th Cir. 1981) (analyzing whether an amendment would have been futile after determining that the district court erred in failing to state reasons for denying leave to amend).

In reviewing a district court's grant of summary judgment de novo, we must determine, viewing the evidence in the light most favorable to the nonmoving party, whether genuine issues of material fact exist and whether the district court correctly applied the relevant substantive law.  *Villegas v. City of Gilroy*, 484 F.3d 1136, 1139 (9th Cir. 2007).  Lucey's right to procedural due process was not violated at the July 9 Hearing because he was provided notice of the charges against him through letters and meetings with UNLV staff and opportunities to explain his version of the incidents to both UNLV staff and the disciplinary committee.  In addition, Lucey's right to substantive due process was not violated by the sanctions imposed at the July 9 Hearing because such sanctions were rationally related to UNLV's interest in

3

maintaining a safe educational environment. *New Jersey v. T.L.O.*, 469 U.S. 325, 340 (1985); *see also LaVine v. Blaine Sch. Dist.*, 257 F.3d 981, 992 (9th Cir. 2001).

Lucey argues that the district court erred in finding that UNLV did not breach a contract with Lucey by: (1) not serving Lucey with a copy of the formal hearing notice either by hand-delivery or registered or certified mail; (2) failing to include the allegations against Lucey in the formal hearing notice; (3) failing to timely charge Lucey; and (4) refusing Lucey the right to be represented by counsel at the July 9 Hearing. Assuming without deciding that a contract existed, the evidence in the record shows that UNLV did not breach a contract in any manner asserted by Lucey.

The trial court did not err in granting summary judgment for the defendants on Lucey's claims of negligent hiring, training, and supervision. The evidence of record shows that the charges against Lucey were timely and that Lucey was not improperly denied the assistance of counsel at the July 9 Hearing. Likewise there is no evidence in the record to support Lucey's claim that defendants abused their power by bringing additional charges against him or, apart from speculation by Lucey's counsel, that they retaliated by bringing charges against him after he filed a lawsuit. Rebecca Mills's decision to afford Lucey a new hearing due to his claimed lack of notice, without more, is not evidence of an improper retaliatory motive. *Cf. Coszalter v. City of Salem*, 320 F.3d 968, 975 (9th Cir. 2003).

4

We have considered the remainder of Lucey's contentions and have found them to be without merit. Accordingly, summary judgment was properly granted for the defendants on each of Lucey's claims.

JUDGMENT AFFIRMED.